CHARLES BENSON v. CITY OF OTTUMWA, Appellant.

**Municipal corporations:** ACTION FOR INJURIES: AMENDMENT: LIMI-
1  TATIONS. A cause of action for injuries brought against a city within three months and without notice to the city, as provided by statute, may be amended after the expiration of the three months by the addition of new elements of damage, and is not subject to the bar of the statute requiring notice.

**Same.** When an action against a city for injuries to a minor is
2  brought by his father as next friend, within three months after the accident, amendments made after the expiration of the three months by alleging emancipation of the minor, and also the assignment to him of any cause of action the father may have had, are permissible, since they have relation to purely incidental facts, and do not affect the fundamental cause of action; and the bar of the statute requiring actions of this character to be brought within three months, where notice of the accident has not been served on the city, does not apply.

**Same:** ACTION FOR INJURY TO MINOR: ASSIGNMENT OF CAUSE OF AC-
3  TION: LIMITATIONS. When a minor has suffered injury in loss of earnings, to which the father is entitled, and has incurred expense for which the father is liable, the negligence, on which an

action therefor is based, is negligence toward the minor, and the question of who is entitled to the compensation therefor is merely incidental to the right of the action; and the cause of action therefor by the son, based on an assignment from his father prior to expiration of the statute of limitations, is not barred as to him, although defendant had no notice of the assignment until after the father's right of recovery was barred.

*Appeal from Wapello District Court.*—Hon. M. A. Roberts, Judge.

Friday, July 2, 1909.

Action to recover damages for personal injuries alleged to have resulted to the plaintiff from negligence of the defendant in maintaining a sidewalk in an unsafe condition. From a judgment on a verdict in plaintiff's favor, the defendant appeals.—*Affirmed.*

*Gilmore & Moon,* for appellant.

*Jaques & Jaques* and *Lloyd Duke,* for appellee.

McClain, J.—The accident to the plaintiff resulting in the injuries for which he seeks to recover damages occurred September 23, 1906, on a sidewalk in the defendant city. The plaintiff, who was then a minor, instituted his action through his father as next friend within three months, as required by Code, section 3447, paragraph 1, when no written notice specifying the time, place and circumstances of the injury has been served upon the corporation within sixty days from the happening of such injury. In the petition filed by the father as next friend it was alleged that the minor suffered severe injuries to his back, shoulder and side and by the fracture of his left leg, resulting in physical pain and anguish and a crippled condition, and that he had great expense in the employment of

a physician, to wit, in the sum of about $100, and damages were asked in the sum of $1,000. More than a year after the filing of the original petition an amendment thereto was filed, in which it was alleged that the said minor had attained his majority by marriage, and substitution of himself as plaintiff in place of his father as next friend was asked. The action was thereafter treated as brought by this plaintiff. In a second amendment there was a prayer for increased damages, in which loss of earnings and the expense of board and nursing during the five months following the injury were included. In a third amendment to the petition it was alleged that for more than one year prior to the action plaintiff was emancipated by his parents, and that he was engaged in working for strangers; his father having no control over his earnings or wages. In a fourth amendment it was alleged that, before the institution of the action, plaintiff's father had assigned to him all claims that he had or could make against the defendant city on account of injuries received by the plaintiff. On issues raised by answer in denial of the essential allegations of the plaintiff's petition there was a trial to the jury and a verdict for the plaintiff in the sum of $350.

Errors are assigned in the overruling of defendant's motions to strike portions of the original petition and the several amendments thereto, in the refusal of the court to exclude evidence as to the damages suffered by plaintiff on account of loss of earnings, expense of nursing and employment of physicians, as to the alleged emancipation of the plaintiff, and as to the assignment by the plaintiff's father to him of the right to recover expenses of physicians and nurses, and in so instructing the jury as to allowing the plaintiff to recover for the elements of damages above specified.

The sole question presented on this appeal is as to whether the amendments to plaintiff's petition, filed after

the expiration of three months from the time when the in-
juries were received by plaintiff, presented any
other or different cause of action from that
set up in the original petition, so that they
were barred by the statutory provision re-
quiring the action to be brought within three months,
where no written notice of the time, place and .circum-
stances of the injury has been served upon the city within
sixty days from the happening of the injury. We are
clearly of the opinion that the amendments to the petition,
so far as they included allegations of additional damages
resulting to the, plaintiff beyond those alleged in his orig-
inal petition, were properly allowed. It has been uni-
formly held by this court that additional damages arising
out of a tort which is alleged in the petition may be stated
by way of amendment. *Palmer v. Waterloo,* 138 Iowa,
296; *Woods v. Lisbon,* 138 Iowa, 402; *Taylor v. Taylor,*
110 Iowa, 207; *Gordon v. Chicago, R. I. & P. Ry. Co.,* 129
Iowa, 747; *Little v. Pottawattamie County,* 127 Iowa, 376;
*Van Patten v. Waugh,* 122 Iowa, 302.

*1. MUNICIPAL CORPORATIONS: action for injuries: amendment: limitations.*

The allegation as to emancipation added nothing to
the cause of action. It simply constituted an averment of
a fact which might be essential to entitle the plaintiff
to recover damages which otherwise would
have been recoverable only by his father.
That such an incidental fact not constituting a part of the
wrong, but an element to be shown for the purpose of
supporting a recovery by plaintiff, may be added by way
of amendment even after the period of the statute of limi-
tations has accrued, was decided in *Cahill v. Illinois Cen-
tral R. R. Co.,* 137 Iowa, 577.

*2. SAME.*

The averment of an assignment to the plaintiff by
his father of any right of action which the latter might
have on account of the injury to the former was also an
averment of an incidental fact not involved in the state-

ment of the cause of action for the injury received by plaintiff on account of the negligence of defendant.

It might well be true that a plaintiff alleging a cause of action by reason of a wrong done to himself could not, after the bar of the statute had become complete, allege

3. SAME: action for injury to minor: assignment of cause of action: limitations.

a cause of action consisting of the wrong done to another which had been assigned to him, for the two torts would in such case be distinct and independent. But, where a minor has suffered a tort resulting in loss of earnings to which his father would be entitled and the incurring of expense for which his father would be liable, the negligence on which the action is predicated is nevertheless negligence in reference to the minor—that is, a breach of duty to the minor—and the question as to the person entitled to have compensation for such injury is merely incidental.

It is argued that as the defendant had no notice of the assignment until the father's right of recovery had been barred, the defendant might under Code, section 3461, plead the statute of limitations as a defense against the plaintiff as fully as such defense might have been pleaded against the father had the action been brought after the statutory period; but it must be borne in mind that there was originally a cause of action in favor of the plaintiff, and that the assignment by the father simply gave to the plaintiff the right to recover such other damages as the father might have recovered had there been no such assignment, and we think that as the assignment was therefore only of an incidental right, and not of the fundamental cause of action, the plaintiff might plead it as having accrued to him prior to the lapse of the statutory period of limitations, although as an independent right of recovery in favor of the father it may have become barred.

For these reasons we think the trial court committed no error in allowing the amendments complained of and

submitting to the jury the issues raised by such amendments.

The judgment is therefore *affirmed*.