MARIE JENSEN et al., Appellees, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

PLEADING: Amendments—Amendment After Statute of Limitation Has Run. A wife who, within the proper statutory time, *individually* institutes an action for the benefit of herself and children, for the wrongful death of her husband, may, upon discovering her legal incapacity to maintain such an action, amend her pleadings and bring in the administrator of the husband's estate *as plaintiff*, even though, at the time of such amendment, the statute of limitation has fully run against the action.

*Appeal from Cerro Gordo District Court.*—M. H. KEPLER, Judge.

DECEMBER 11, 1924.

ACTION at law for damages for the alleged wrongful death of Theodore Jensen, who was killed in a collision at a railway crossing, and as a result of the alleged negligence of the defendant and its employees. The defense was a general denial and a plea of the statute of limitations. The petition being amended, the defendant withdrew its answer, and filed a demurrer, predicated upon the statute of limitations. This demurrer was overruled. The defendant, electing to stand thereon, suffered judgment, and appeals.—*Affirmed.*

*Hughes, Taylor & O'Brien,* for appellant.

*Ira W. Jones* and *Henry Curvo*, for appellees.

EVANS, J.—This action was brought in the first instance by Marie Jensen, the widow of the decedent Theodore Jensen. In her petition she set forth the alleged circumstances of the accident which resulted in the death of her husband, and alleged specific negligences of the defendant as the cause of the accident. She prayed judgment for $25,000, which amount was later reduced by amendment to $2,999. She predicated her right of recovery of damages on the ground that she and her three children had been deprived of the support furnished by the decedent in his lifetime. It appears from the petition that the accident happened on July 23, 1920. The action was begun on October 26, 1921. On March 31, 1923, this plaintiff presented, and obtained leave to file, an amendment to her petition, whereby H. E. Palmeter, as administrator of Theodore Jensen, joined with her in the petition, and adopted all the allegations thereof. The prayer of such amendment was that the administrator, Palmeter, have judgment for the damages claimed. On September 10, 1923, the defendant assailed the amendment with a motion to strike the same and to strike the name of Palmeter, administrator, therefrom; and assailed it also by demurrer. The grounds of both motion and demurrer were that Palmeter, administrator, had no interest in the action brought by Marie Jensen, and was not a necessary party thereto; that Palmeter, administrator, could not maintain the action on his own account, because he had served no notice and had brought no action, and because the statute of limitations had fully run before the purported amendment had been filed. The demurrer was also directed against the original petition filed by Marie Jensen, on the ground that she had no legal capacity to sue, and that the facts set out by her did not entitle her to the relief demanded. Manifestly, the petition of Marie Jensen did not state a legal cause of action in her favor, and was, therefore, demurrable. The defendant saw fit, however, not to demur until after the amendment was filed. We have, therefore, now to deal with the pleading as amended. The argument for appellant is, naturally, that the administrator had no interest in the recovery claimed by Marie Jensen in her original petition; that the cause

of action upon which he may recover is not the same as that pleaded by Marie Jensen; that he cannot by amendment bring into the case of Marie Jensen a new or different cause of action which had accrued to him alone, and not to Marie Jensen.

If the proposition were an open one in this state, the argument is not without logical plausibility. But the door of argument has long been closed on this question. The case is squarely ruled by *Myers v. Chicago, B. & Q. R. Co.*, 152 Iowa 330, 331. That case has been repeatedly reaffirmed. Some of the subsequent cases are *Knight v. Moline, E. M. & W. R. Co.*, 160 Iowa 160; *Lane v. Steiniger*, 174 Iowa 317; *Van Dyk v. Mosterdt*, 171 Iowa 3. See, also, *Basham v. Chicago G. W. R. Co.*, 178 Iowa 998. Appellant assumes to rely upon *Gardner v. Beck*, 195 Iowa 62, as authority for its contention. We find no support for the appellant in the cited case. The distinction between the holding in the *Gardner* case and that in the *Myers* case is fully set forth in the opinion in the *Gardner* case. See Division IV thereof, pages 71, 72. The authority of the *Myers* case is distinctly recognized therein. It is needless herein that we repeat the distinction pointed out in that opinion. We are not unmindful that the courts of the several states are not united on the question here involved, and that plausible argument is available for either position. The question involved is one of procedure, and deals with an anomaly. The substantive right is manifest, and involves no conflict of opinion. Assuming that the defendant was legally responsible for the death of Theodore Jensen, as alleged in the petition of Marie Jensen, and as finally found by the judgment of the court, then the ultimate substantive right to damages inured wholly, under the statutes, to Marie Jensen and her three children. Yet, under our statutes of procedure, such damages must reach the beneficiaries through the medium of the administrator of the estate. None of the beneficiaries could maintain a direct action against the railway company, to recover the compensation which was ultimately to belong to them. The anomaly is that the only persons who were beneficially interested in the recovery could not maintain an action therefor; and the only person who could maintain an action therefor had no other interest therein than that of a trustee for the beneficiaries. The proceeds of the recovery could

not even merge in the estate of the decedent. They would remain in the hands of the administrator, as a distinct fund, exempt from all claims against the estate, and payable exclusively to the widow and children. It is fair argument, therefore, to say that the cause of action declared on by the administrator is not wholly separate and distinct from the cause of action which Marie Jensen declared on, and in which she mistakenly attempted to recover for herself. In her ignorance of the formalities of legal procedure, she nevertheless saw her ultimate right, and under the impulse of practical good sense, attempted to go straight to it. She later learned that it was ''against the rule'' to obtain her rights by so direct a method.

This, in substance, is the reason which underlies the rule in the *Myers* case, supra.

It is urged by appellant, in substance, that there was a misjoinder of parties plaintiff, in that neither plaintiff had any interest in the cause of action of the other. There was but one cause of action. Only the administrator could recover upon it. Marie Jensen was not a necessary party thereto. Appellant so contends in argument, but it did not ask that she be eliminated in the court below. If appellant had moved in the court below, either that Marie Jensen be eliminated, or that the parties plaintiff elect which should be eliminated, its motion could properly have been sustained. It failed to do so, doubtless for the manifest reason that it suffered no prejudice from the joining of the name of Marie Jensen with that of the administrator. In the final prayer, nothing was asked in her behalf. The prayer was that the administrator recover. Such was the judgment. The judgment of the district court is, accordingly,—*Affirmed.*

ARTHUR, C. J., and PRESTON, STEVENS, FAVILLE, and VERMILION, JJ., concur.