ISRAEL M. COLEMAN, Appellant, *v.* CATING ROPE WORKS, INC., and Others, Respondents.

Second Department, March 20, 1936.

*Lowen E. Ginn [Stephen Holden* with him on the brief], for the appellant.

*Philip Frank,* for the respondents Cating Rope Works, Inc., and Puritan Rope Works Company, Inc.

*David Gorfinkel [ Ulysses S. Adler* with him on the brief], for the respondent E. Rabinowe & Company, a corporation.

Young, J.  The action is brought to recover $6,778, with interest, the said sum being the amount which the plaintiff was compelled to pay as compensation under the Workmen's Compensation Act of the State of Connecticut to the widow and child of Isadore Cohen, plaintiff's employee, killed as the result of an accident while in such employment.

The action is brought by the plaintiff seeking reimbursement from the defendants on the ground of their negligence in causing the death of Cohen.  It is claimed by the plaintiff that the present action is authorized by that section of the Connecticut Workmen's Compensation Act set forth in section 5231 of the General Statutes of Connecticut (Revision of 1930).  This section, so far as pertinent, is as follows: " When any injury for which compensation is payable under the provisions of this chapter shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto,  *  *  *  any employer having paid, or by award having become obligated to pay, compensation under the provisions of this chapter, may bring an action against such other person to recover any amount that he has paid or by award has become obligated to pay as compensation to such injured employee.  *  *  *  The word ' compensation,' as used in this section, shall be construed to include not only incapacity payments to an injured employee and payments to the dependents of a deceased employee, but also sums paid out for surgical, medical and hospital services to an injured employee and the one hundred dollar burial fee provided by law."

The section of said act set forth in section 5234 of said General Statutes is also referred to, which is as follows: " Compensation shall be paid on account of death resulting from accident  *  *  * as the case may be, as follows: (a) For burial expenses, two hundred dollars; (b) to those wholly dependent upon the deceased employee at the time of his injury, a weekly compensation equal to half of the average weekly earnings of the deceased at the time of the injury."

Upon this appeal we are concerned only with the sufficiency of the second amended complaint, which was dismissed at Special Term on the ground that it failed to state a cause of action because said section 5231, above set forth, makes no provision for the enforcement against a third person of a claim or right of action for the death of an employee, either by the dependents of a deceased employee or by his employer.  There is no contention that the complaint is lacking in any other respect.  It sufficiently alleges the negligence of the defendants resulting in the death of Cohen, plaintiff's employee.  It states that defendants Cating Rope Works, Inc.,

and Puritan Rope Works Company, Inc., or one of them, manufactured a certain rope which was defective and rotten and that they or one of them sold said rope to the other defendant, E. Rabinowe & Company, which company sold the said rotten and defective rope to the plaintiff, knowing that it was to be used for the purpose of holding a scaffold in the erection of a building, and that when it was so used it broke, and the plaintiff's employee Cohen was upon the scaffold and fell to his death.

The learned justice at Special Term, in his opinion, states that the section referred to creates in the employer a right that was not known at the common law, and that, therefore, a strict construction must be given of the statute; and it may not be given a meaning that goes beyond its letter, and that, so far as the express terms of the section are concerned, no right is given the employer to recover over for the amount of compensation which he has paid to the dependents of an injured employee who dies as a result of his injuries. I cannot agree with this conclusion. The statute, I believe, should be construed with the idea of carrying out the beneficent purposes of the legislation. It provides for compensation to be paid by the employer, both in cases of personal injury and injuries followed by death, and it seems to me that the legislative body enacting the law could not have intended to allow reimbursement for payment for injuries and to refuse it where the compensation was paid to the dependents in case of death. I think the word " injury " in the first line of said section 5231 is not to be limited to a personal injury not accompanied by death, but includes such an injury; and the provision in the section that the word " compensation " should be construed to mean payments to the dependents of a deceased employee makes it quite plain that the intention was to give a right of action to the employer for reimbursement where he has made payments under the statute to dependents in case of death, as well as to an injured employee.

The orders and judgments should be reversed on the law, with ten dollars costs and disbursements, and motions to dismiss the second amended complaint denied, with ten dollars costs, with leave to defendants to answer within ten days from the entry of the order hereon.

LAZANSKY, P. J., HAGARTY, DAVIS and JOHNSTON, JJ., concur.

Orders and judgments reversed on the law, with ten dollars costs and disbursements, and motions to dismiss the second amended complaint denied, with ten dollars costs, with leave to defendants to answer within ten days from the entry of the order hereon.