IOWA NATIONAL MUTUAL INSURANCE COMPANY and MARY ELTA
WHITE, administratrix of estate of Charles Willis White,
deceased, appellees, v. CHICAGO, BURLINGTON & QUINCY
RAILROAD COMPANY et al., appellants.

No. 48693.

(Reported in 68 N.W.2d 920)

972

March 8, 1955.

Rehearing Denied May 6, 1955.

E. L. Carroll, of Creston, and Pryor, Hale, Plock, Riley & Jones, of Burlington, for appellants.

J. D. Reynolds, of Creston, for appellee Iowa National Mutual Insurance Company, and Thos. E. Mullin, of Creston, for appellee Mary Elta White, administratrix.

GARFIELD, J.—We granted this appeal under rule 332, Rules of Civil Procedure, in advance of final judgment from two rulings of the district court on motions for more specific statement and to strike certain allegations of the petition and all of an amendment thereto. The appeal largely involves the construction of section 85.22, Code, 1954, in the chapter entitled "Workmen's Compensation."

The petition of plaintiff insurance company filed March 5, 1954, seeks to recover from defendants, railroad company and the engineer of one of its trains, $17,100 damages for negligently causing the death on March 24, 1952, of Charles W. White, employed by Union County, in a collision between the train and a road grader operated by decedent. The petition further alleges Mary E. White is administratrix of her deceased husband's estate, plaintiff was the carrier of workmen's compensation insurance on the employees of Union County and has paid compensation insurance to White's widow, plaintiff notified her as administratrix and demanded that she commence legal action against defendants for White's wrongful death and she has failed to do so, by reason of the premises and Code section 85.22 plaintiff is subrogated to all rights of the administratrix and widow, decedent's estate was damaged by his wrongful death in the sum of $17,100.

Defendants moved that plaintiff be required to state how much compensation it claims to have paid decedent's widow and that the court strike allegations of the petition as to the extent of damage to the estate from decedent's death for the reason such allegations are irrelevant, immaterial and redundant with respect to any rights plaintiff may have, or any obligations of defendants, arising out of such death.

July 16, 1954, nearly 28 months after decedent's death, the administratrix filed an amendment to the insurance company's petition incorporating by reference its allegations except those stating the company was the compensation insurance carrier for Union County, has paid her compensation, demanded that she commence action against defendants for White's wrongful death and her failure to do so. In the amendment the adminis-

tratrix joined with the insurance company as plaintiff and in the prayer of its petition.

Defendants moved to strike the amendment on the ground it appeared from allegations of the petition incorporated in the amendment that any cause of action the administratrix had was barred by the statute of limitations when the amendment was filed.

The trial court overruled both the motion for more specific statement and to strike part of the petition and the motion to strike the amendment. The rulings state no reasons therefor. Defendants' appeal is from both rulings.

It is clear the insurance company's petition seeks to recover the full amount of damages which accrued to decedent's estate by reason of his alleged wrongful death. Plaintiffs say in argument the insurance company claims it is subrogated to the rights of the administratrix, all as provided by Code section 85.22, subsection 2. Defendants apparently do not challenge the insurer's right to recover the amount of workmen's compensation it paid the widow, provided, of course, it is shown defendants negligently caused the employee's death and are therefore legally liable for it.

I. We consider first the alleged error in overruling defendants' motion for more specific statement and to strike the allegations of the petition as to the extent of damages to the estate from decedent's death. The trial court evidently concluded the insurer is entitled to recover the full damages that accrued to the estate.

Code section 611.20 states, "All causes of action shall survive and may be brought notwithstanding the death of the person entitled or liable to the same." Section 611.22 provides any such action may be brought by the legal representatives of the deceased and shall be deemed to have accrued to such representative at the time it would have accrued to deceased if he had survived.

Unless Code section 85.22 authorizes this action by the insurance company it seems clear the administratrix of decedent's estate is the only party who may maintain an action to recover the damages for his wrongful death. Jensen v. Chicago, M. & St.

P. Ry. Co. (Evans, J.), 198 Iowa 1267, 201 N.W. 34; Lewis v. Maddy, 187 Iowa 603, 174 N.W. 346; Major v. Burlington, C. R. & N. Ry. Co. (Ladd, C. J.), 115 Iowa 309, 88 N.W. 815; Mowry v. Chaney, 43 Iowa 609, 611; Van Wie v. United States (Judge Graven), D. C., Iowa, 77 F. Supp. 22, 47. See also 25 C. J. S., Death, section 58, page 1169. We do not understand plaintiffs dispute the proposition just stated. They contend by reason of section 85.22 the insurance company is entitled to recover the full damages that accrued to the estate.

Section 85.22 is too long to set out here in full. So far as now material it provides: "When an employee receives an injury for which compensation is payable under this chapter, and which injury is caused under circumstances creating a legal liability against some person other than the employer to pay damages, the employee, or his dependent, * * * may take proceedings against his employer for compensation, and the employee or, in case of death, his legal representative may also maintain an action against such third party for damages. When an injured employee or his legal representative brings an action against such third party, a copy of the original notice shall be served upon the employer by the plaintiff, * * * and the following rights and duties shall ensue:

"1. If compensation is paid the employee or dependent * * * under this chapter, the employer by whom the same was paid, or his insurer which paid it, shall be indemnified out of the recovery of damages to the extent of the payment so made, * * *.

"2. In case the employee fails to bring such action within ninety days, * * * after written notice so to do given by the employer or his insurer, as the case may be, then the employer or his insurer shall be subrogated to the rights of the employee to maintain the action against such third party, and may recover damages for the injury to the same extent that the employee might. In case of recovery, the court shall enter judgment for distribution of the proceeds thereof as follows:

"a. A sum sufficient to repay the employer for the amount of compensation actually paid by him to that time.

"b. A sum sufficient to pay the employer the present worth

\* \* \* of the future payments of compensation for which he is liable, \* \* \*.

"c. The balance, if any, shall be paid over to the employee. \* \* \*"

The vital part of this statute is subsection 2. For present purposes it may be further shortened to read: "In case the employee fails to bring such action within ninety days, \* \* \* after written notice so to do given by the \* \* \* insurer, \* \* \* insurer shall be subrogated to the rights of the employee to maintain the action \* \* \* and may recover damages for the injury to the same extent that the employee might."

As we have stated, the petition alleges the insurer gave the administratrix notice to commence action against defendants and she failed to do so. Defendants do not claim proper and timely notice was not given the administratrix. Their contention is that subsection 2 does not provide the insurer is subrogated to the rights of the legal representative of an employee who has been fatally injured to recover damages therefor. It is not questioned that the statute provides for subrogation in favor of the insurer where an employee suffers a nonfatal injury.

█ █ If section 85.22 stood alone there might be grave doubt the insurance company would be entitled to recover to the same extent the administratrix could, in the event defendants are legally liable to pay damages for decedent's death. Indeed it may be conceded the insurer would not have such right. In determining the meaning of subsection 2, however, we must consider the statutory definitions in section 85.61 of the terms used in chapter 85. It is of course fundamental that in seeking the meaning of a law the entire act should be considered. Davis v. Davis, 246 Iowa 262, 274, 67 N.W.2d 566, 573, and citations.

Section 85.61 states: "4. \* \* \* Any reference to a workman or employee who has been injured shall, when such workman or employee is dead, include his dependents as herein defined or his legal representatives; \* \* \*.

"5. The words 'injury' or 'personal injury' shall \* \* \* a. \* \* \* include death resulting from personal injury."

The word "employee" appears three times in the first paragraph of subsection 2 of 85.22. It is clear each reference is to

an employee who has been injured. Indeed the entire section refers to an employee who has suffered "an injury for which compensation is payable." It is equally clear the employee here is dead. Under the above definitions in section 85.61, subsection 2 of 85.22 has the same force and effect in this case as if each reference therein to "employee" were followed by such language as "or in the event of his death, his legal representative." Further, the single reference in subsection 2 to "injury" includes death resulting therefrom.

Unless we reject the statutory definition of "employee" and "injury" in section 85.61, subsection 2 of 85.22 clearly provides the insurer under the circumstances here shall be subrogated to the rights of the injured employee or, when he is dead, of his legal representative to recover damages for his death resulting from injury to the same extent the legal representative might. This interpretation of subsection 2 reads nothing into it except what the legislature has done by the definitions in 85.61. We therefore conclude the subrogation rights provided for by subsection 2 of 85.22 are not confined to cases of nonfatal injury but also include cases of fatal injury.

The proposition just decided is not considered in any of our prior opinions. Other courts seem inclined to hold under statutes somewhat similar to section 85.22 that the employer or his insurer is subrogated to the rights of the legal representatives of an employee who has been fatally injured, as well as to the rights of a nonfatally injured employee, to recover from a third party who negligently causes the injury.

We think these decisions support our conclusion: Uva v. Alonzy, 116 Conn. 91, 163 A. 612; Stiglitz Furnace Co. v. Stith's Administrator, 234 Ky. 12, 27 S.W.2d 402; Turnquist v. Hannon, 219 Mass. 560, 563, 107 N.E. 443, 444 (where the statute contained practically the same provision as our section 85.61(4) that any reference to an employee who has been injured shall, when he is dead, include his legal representatives); City of Grand Rapids v. Crocker, 219 Mich. 178, 189 N.W. 221; Coleman v. Cating Rope Works, Inc., 247 App. Div. 310, 286 N. Y. S. 315 (where the statute provided that "compensation"

shall be construed to include payments to the dependents of a deceased employee) ; Aetna Life Ins. Co. v. Moses (Stone, J.), 287 U. S. 530, 53 S. Ct. 231, 77 L. Ed. 477, 88 A. L. R. 647.

This excerpt from Stiglitz Furnace Co. v. Stith's Administrator, supra, at page 16 of 234 Ky., page 404 of 27 S.W.2d, is somewhat illustrative of the view of other courts upon such a question as we now have: "The purpose of this provision of the statute was to compel the one whose conduct created the liability to bear the burden and to pay for his negligence or wrongdoing and not to permit recovery of double compensation for the loss sustained [citations]. Hence, to confine the right of subrogation to nonfatal injuries and make it dependent upon the employee surviving his injuries would be doing violence to the manifest intention of the act and shocking to the sense of justice."

71 C. J., Workmen's Compensation Acts, section 1595, page 1555, states: "Even in the absence of a reference to an action for death or to the rights of dependents or the representative of a deceased employee, provisions which permit an employer or an insurer, to enforce the liability of a person other than the employer, who is liable, or which in terms subrogate the employer to the rights of an injured employee have been so construed as to include claims or rights based on the death of an employee; * * *."

As before indicated, the provisions quoted above from Code section 85.61 supply the language to subsection 2 of 85.22 which entitles the insurance company to maintain this action. We need not resort to the rule so frequently recognized that the provisions of Code chapter 85 are to be liberally construed. See Jacques v. Farmers Lbr. & Sup. Co., 242 Iowa 548, 551, 47 N.W.2d 236, 238, and citations; Day v. Town Club, 241 Iowa 1264, 1267, 1268, 45 N.W.2d 222, 225, and citations.

Since the statute provides the insurer may recover for the employee's death resulting from injury to the same extent his legal representative might, it was not error to refuse to strike the allegations of the petition as to the extent of damage to his estate from decedent's death. Defendants' motion to require the insurance company to state the amount of compensation it paid

decedent's widow is apparently based on the contention it may recover only such amount, under principles of indemnity applicable to insurance companies generally, and is entitled to no recovery under section 85.22. It follows from our holding against this contention that the motion for more specific statement was also rightly overruled.

In support of our conclusion regarding the motion for more specific statement see Chaves v. Weeks, 242 Mass. 156, 136 N.E. 73, 74; Turnquist v. Hannon, supra, 219 Mass. 560, 565, 107 N.E. 443, 445 ("Hence, it is an immaterial circumstance how much it [insurer] may have paid or be liable to pay under the act."). See also Cawley v. Peoples Gas & Elec. Co., 193 Iowa 536, 548, 549, 187 N.W. 591; Caligiuri v. Des Moines Ry. Co., 227 Iowa 466, 469, 288 N.W. 702; Hayungs v. Falk, 238 Iowa 285, 294, 27 N.W.2d 15, 19.

■ II. There remains to be considered the trial court's refusal to strike the administratrix' amendment to the petition on the ground any cause of action she had was barred by the statute of limitations. As stated, the amendment was filed nearly 28 months after decedent's death. It seems to be conceded the statutory period for commencing an action under Code section 85.22 to recover for death of an employee by injury is two years after the cause accrues. Code section 614.1(3); Elkins Constr. Co. v. Naill Bros., 168 Tenn. 165, 76 S.W.2d 326, 95 A. L. R. 1429, and annotation 1431, 1432; 58 Am. Jur., Workmen's Compensation, section 367; 71 C.J., Workmen's Compensation Acts, section 1616.

■ It follows from what we have said in Division I hereof the action was properly commenced in the name of the insurance company and the administratrix is not a necessary party plaintiff to enforce the claim for wrongful death. Defendants do not assert as a ground for striking the amendment that the administratrix is not a proper party plaintiff. To the contrary they contend the action could only be brought in the administratrix' name. Sole ground of the motion to strike the amendment presented to the trial court or argued here is that the cause there asserted was barred by limitations. Upon elementary principles we will consider no other ground.

■ We are clear it was not error to refuse to strike the amendment on the ground asserted in the motion. Much authority supports this conclusion. The amendment does not purport to state a new cause of action or to change or enlarge the liability sought to be enforced. The administratrix merely joins with the insurance company as plaintiff and in the prayer of the petition that it have judgment against defendants.

Although the administratrix is not a necessary party we are not prepared to say (at least it is not contended) she is not a proper party. See 71 C. J., Workmen's Compensation Acts, section 1621. Under sections 85.22(2) c and 85.61(4) any balance the insurer may recover above the amount of compensation paid and the present worth of future payments is to be paid over to the administratrix. Thus the administratrix may well have a beneficial interest in at least part of the recovery.

■ Where action is properly commenced by one entitled to maintain it the name of one beneficially interested may be added by amendment after the statute of limitations has run. 54 C. J. S., Limitations of Actions, section 276b(2), pages 312, 313; 16 Am. Jur., Death, section 290, page 203. "There are many cases which hold that in a suit for wrongful death, a new cause of action is not introduced by an amendment which brings in proper or necessary parties plaintiff; * * *." 34 Am. Jur., Limitation of Actions, section 271, page 222; 16 Am. Jur., Death, section 290.

"Where insurer authorized to bring the action has instituted an action prior to the expiration of the period of limitation, the propriety of the filing by an injured employee, who is not a necessary party to the action, of a complaint in intervention which presents no new issue, after the expiration of such period, has been recognized." 71 C. J., Workmen's Compensation Acts, section 1616, page 1577.

State Compensation Insurance Fund v. Allen, 104 Cal. App. 400, 285 P. 1053, 1055, fully supports the text just quoted and is squarely in point on the question now before us. It is direct authority for the propositions that permitting the administratrix here to join the insurer as plaintiff was not prejudicial to

defendants, the administratrix was not a necessary party, her amendment to petition presented no new issues and could be filed after the statute had run against commencing the action.

The decisions uniformly hold that where the injured employee or, in case of death, his legal representative brings action within the statutory period against a third party for the wrongful injury or death an employer or his insurer who had paid compensation therefor may be made a party plaintiff after the running of the statute. Annotation 105 A. L. R. 610, 613, 614; 58 Am. Jur., Workmen's Compensation, section 368; 71 C. J., Workmen's Compensation Acts, section 1616, page 1577. Thus if this action had been brought by the administratrix within the statutory period the insurer could have been made a party plaintiff after the statute had run. We see no reason why a like conclusion should not be reached where as here the action is properly brought by the insurer and the administratrix is made a party plaintiff after the statutory period.

A long annotation appears in 8 A. L. R.2d 6 on the right to bring in new parties after the statute of limitations has run against bringing the action. Many decisions are cited which support on principle our holding here. The general rule is that unless an amendment to a petition bringing in a new party plaintiff states facts giving rise to a different and independent legal obligation against defendant or changes the liability sought to be enforced the amendment will be allowed after the statute has run. "The general rule has been stated in more or less similar language in dozens of cases * * *." (Page 35 of 8 A. L. R.2d.)

"According to the weight of authority, the general rule seems to be that where an action was brought by * * * one suing for the use of another, amendment of the complaint after the statute of limitations by adding the real party in interest as plaintiff is not the institution of a new suit." (Idem, page 37.)

"By the weight of authority, the addition as parties plaintiff in an action under wrongful death statutes, of persons who might have instituted the action, is not regarded as the beginning of a new action by such additional plaintiffs as regards the statute of limitations." (Idem, page 47.) See also annotation 74 A. L. R. 1269, 1270.

We have repeatedly held it is the policy of the law to allow an amendment to a petition after the statute of limitations has run where the amendment does not state a new cause of action but merely amplifies and enlarges the allegations of the petition. Green v. Phoenix Ins. Co., 218 Iowa 1131, 1142, 1143, 253 N.W. 36, and citations; In re Estate of Hoenig, 230 Iowa 718, 724, 725, 298 N.W. 887, 890, and citations.

We think these Iowa decisions support on principle the conclusion reached here: Jensen v. Chicago, M. & St. P. Ry. Co., supra, 198 Iowa 1267, 201 N.W. 34; Basham v. Chicago G. W. Ry. Co., 178 Iowa 998, 1019–1023, 154 N.W. 1019; Benson v. City of Ottumwa, 143 Iowa 349, 121 N.W. 1065; Wade v. Clark, 52 Iowa 158, 2 N.W. 1039, 35 Am. Rep. 262; Dixon v. Dixon, 19 Iowa 512.—Affirmed.

All JUSTICES concur.