**Debra SLADEK, Appellant,**

v.

**K MART CORPORATION, Appellee.**

No. 91–1123.

Supreme Court of Iowa.

Dec. 23, 1992.

Thomas J. Currie of Tom Riley Law Firm, P.C., Cedar Rapids, for appellant.

Joel T.S. Greer of Cartwright, Druker & Ryden, Marshalltown, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, NEUMAN, and SNELL, JJ.

HARRIS, Justice.

An Iowa statute, Iowa Code § 85.22 (1991),[1] grants employers subrogation rights in tort recoveries obtained by their employees, to the extent the employees have been paid workers' compensation benefits for the same injuries. The injured employee here sought such a tort recovery, the proceeds of which would clearly have been subject to her employer's subrogation rights. The dispute arises because the facts vary in one crucial respect from the usual pattern. The question is whether subrogation attaches where the employee's recovery is not directly for the tort, but rather for legal malpractice against her attorney for failing to pursue her tort suit. The trial court, reasoning that injured workers are not entitled to double recovery, found the subrogation lien attached to the proceeds of the malpractice lien. Because we disagree, we reverse and remand.

Petitioner-appellant Debra Sladek (Sladek) was an employee of respondent-appellee K Mart Corporation (K Mart). Sladek suffered an injury when she slipped and fell in the course of her employment. She hired an attorney to represent her in a suit she brought against a floor cleaning service for negligence in causing her to fall. K Mart had contracted with that company to maintain the store where Sladek sustained the injury.

Sladek's personal injury action against the cleaning company was dismissed pursuant to Iowa rule of civil procedure 215.1 (dismissal for want of prosecution). She then hired another attorney to represent her in a legal malpractice action against her original attorney for negligently allowing her lawsuit to be dismissed. The legal malpractice claim was settled for $100,000.

Pursuant to chapter 85 of the Iowa Code, K Mart paid Sladek compensation benefits greater than $100,000. Having done so, K Mart asserts it has lien rights to the legal malpractice proceeds under section 85.22. Sladek contends K Mart is not entitled to any lien against the proceeds. The controversy amounts to a dispute between the statute's wording and its purpose; Sladek's case is built on the wording whereas K Mart's case is built on the purpose.

---

1. *Iowa Code § 85.22, in pertinent part, provides:*

When an employee receives an injury ... for which compensation is payable under this chapter, ... and which injury ... is caused under circumstances creating a legal liability against some person, other than the employee's employer[,] ... to pay damages, the employee ... may ... maintain an action against such third party for damages. When an injured employee ... brings an action against such third party, ... the following rights and duties shall ensue:

1. If compensation is paid [to] the employee ... under this chapter, the employer ... shall be indemnified out of the recovery of damages to the extent of the payment so made, ... except for such attorney fees as

may be allowed ... to the injured employee's attorney ..., and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which the employer ... is liable....

....

5. For subrogation purposes hereunder, any payment made unto an injured employee, ... by or on behalf of any third party, ... liable for, connected with, or involved in causing an injury to such employee shall be considered as having been so paid as damages resulting from and because said injury was caused under circumstances creating a legal liability against said third party, whether such payment be made under a ... compromise settlement ... or otherwise.

I. Sladek contends the indemnification and lien rights found in Iowa Code section 85.22(1)—the subparagraph which forms the basis of K Mart's claim—are governed and limited by the first unnumbered paragraph of section 85.22. This contention finds some support in our interpretation of a similar provision in the 1939 workers' compensation chapter. We held the provision's subsequent paragraphs were governed and limited by the first unnumbered paragraph. *Disbrow v. Deering Implement Co.*, 233 Iowa 380, 387, 9 N.W.2d 378, 382 (1943).

Sladek seeks qualification under the first paragraph as a condition precedent to indemnity rights granted in section 85.22(1). Under the facts here, the argument goes, the condition precedent is not satisfied because Sladek's $100,000 recovery was not from a third party who caused her injuries. Her recovery was rather from a negligent attorney who had nothing to do with her injuries.

We agree that, in a literal sense, the condition precedent is not satisfied. Statutory definitions found in Iowa Code section 85.61 apply to section 85.22. Iowa Code § 85.61; *Iowa Nat'l Mut. Ins. Co. v. Chicago, B. & Q. R.R.*, 246 Iowa 971, 976, 68 N.W.2d 920, 924 (1955) ("In determining the meaning of [section 85.22] we must consider the statutory definitions in section 85.61 of the terms used in chapter 85."). Iowa Code section 85.61(4) equates the term "injury" with the term "personal injury." "A personal injury, contemplated by the [worker's compensation statute], obviously means an injury to the body, the impairment of health, or a disease...." *Almquist v. Shenandoah Nurseries, Inc.*, 218 Iowa 724, 732, 254 N.W. 35, 39 (1934).

*March v. Pekin Insurance Co.*, 465 N.W.2d 852 (Iowa 1991), involved a claim that the employer's lien attached to underinsured motorist benefits. We said the word "caused" as it appears in the first unnumbered paragraph of section 85.22 "sounds in tort, not contract." 465 N.W.2d at 854. We also said:

> The language of section 85.22(5), which defines a third party for subrogation purposes, also reinforces this tort concept. Under that subsection, "damages" is defined as "any payment made unto an injured party ... by ... any third party ... liable for, connected with, or involved in *causing* an injury to such employee...." Iowa Code § 85.22(5); .... Clearly, [the underinsurer] had nothing to do with causing March's injuries.

*Id.* (Emphasis added in *March.*)

K Mart's position is grounded on the *purpose* of section 85.22, which we agree is to encourage employers to pay bills and benefits with the expectation that they may recoup those payments from responsible third parties. K Mart points out that Iowa Code section 85.22(5) defines employers' workers' compensation subrogation rights broadly. *See Bertrand v. Sioux City Grain Exch.*, 419 N.W.2d 402, 404 (Iowa 1988) ("[T]he manifest intent of the legislature will prevail over the literal import of the words used."). K Mart's position does not rest alone on the purpose of section 85.22. It is strengthened by the required consideration of Sladek's third-party tort suit as a part of her malpractice suit. The goal in legal malpractice suits is to put clients in the position they would have occupied had the attorney not been negligent. *See Burke v. Roberson*, 417 N.W.2d 209, 212 (Iowa 1987). The measure of damages in a legal malpractice claim is limited to those obtainable in the underlying suit so as not to permit the client to profit from the lawyer's negligence. *Id.*

Resolution of the dispute is troublesome because we see merit in both positions. Sladek's position is supported by the express wording of the statute. On the other hand we agree with K Mart that disallowance of the lien is at odds with the spirit and purpose of the lien provision.

The cardinal rule, so well established as to be enshrined in Iowa rule of appellate procedure 14(f)(13) as to require no citation of authority, states: "In construing statutes the court searches for the legislative intent as shown by what the legislature said, rather than what it should or might have said."

It is true that this rule is not without limits. *See Schonberger v. Roberts*, 456 N.W.2d 201, 202–03 (Iowa 1990) (holding literal terms of statute need not be applied if they lead to absurd result). The holding in *Schonberger* is however closely circumscribed. Plainly there is no power in the courts to effect remedial legislation whenever faced with statutes that lead to unintended results. Although we are persuaded that the policy behind the statute would be served by K Mart's position, the statute is worded otherwise. The literal interpretation, though at odds with that policy, is far from being absurd. The situation calls, as most similar situations do, for application of the cardinal rule of interpretation in rule of appellate procedure 14(f)(13). The trial court erred in allowing a lien to K Mart.

II. Because of the above holding, we need not determine whether, had K Mart been entitled to a lien in the malpractice proceeds, the entitlement would have been subject to a reduction for Sladek's attorney fees.

REVERSED AND REMANDED.