Gerald **VANDERFORD,** Appellant,

v.

James A. **PENIX, Jr., Individually; Penix and Taylor, Attorneys at Law, Jointly and Severally, Appellees.**

No. 94–1504.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1994.

Decided Nov. 3, 1994.

Rehearing Denied Dec. 8, 1994.

---

Charles Lavern Stutte of Fayetteville, AR, for appellant.

Timothy L. Howell of Fayetteville, AR., Walter B. Cox on the brief, for appellees.

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

BEAM, Circuit Judge.

After unsuccessfully suing his landlords for breach of a farm lease, Gerald Vanderford sued his former attorney and the attorney's firm (collectively, the defendants) for negligence. The jury awarded him $95,000 in damages but the district court[1] vacated the jury award and granted the defendants judgment as a matter of law. We affirm.

## I. BACKGROUND

This legal malpractice action began with a four-year lease of a farm located in Lonoke County, Arkansas. Effective January 1, 1986, Polly Dortch Davis and her husband leased 350 acres (the Bearskin Lake property) of their 580–acre farm to Vanderford. In early 1987, Vanderford learned that he might be able to obtain federal crop payments. To maximize the amount of this support, Vanderford tried to convince Davis to reconstitute[2] her remaining land with the Bearskin Lake property. Instead, Davis reconstituted her farm with land owned by Tommy Holt.

In April 1987, Davis and Holt embodied their farm reconstitution in a written agreement, but the agreement did not specify

---

1. The Honorable Jimm Larry Hendren, United States District Judge for the Western District of Arkansas.

2. Reconstitution is a "change in the land constituting a farm as the result of combination or division." 7 C.F.R. § 719.2. Two farms may be combined into one for purposes of federal crop support programs. Similarly, one large farm may be divided into two separate farms.

which portion of Davis's land was to be reconstituted. In March 1988, Davis and Holt executed an addendum to their agreement. The addendum excluded the Bearskin Lake property from the reconstituted Davis–Holt farm.

Vanderford applied for federal crop payments in 1987, 1988, and 1989. The local office of the Agricultural Stabilization and Conservation Service (ASCS) refused his applications. Apparently, the local ASCS office determined that the Bearskin Lake property was part of the Davis–Holt farm.

■ In September 1989, Vanderford hired attorney James A. Penix, Jr. On Vanderford's behalf, Penix filed a breach of contract action against Davis and Holt. Davis and Holt filed motions for summary judgment, which were granted. Penix perfected an appeal but then, without consulting Vanderford, filed a motion to dismiss the case. The motion was sustained, and the appeal was dismissed. Vanderford was later assessed approximately $20,000 for Davis's attorney fees.[3]

In August 1991, Vanderford filed an action against the defendants. He alleged, among other things, that Penix had negligently represented him on the underlying claim. The jury agreed and awarded Vanderford $95,000. However, the district court found that "there was *not* sufficient evidence before the jury to support a finding that, had [Penix] not been negligent, [Vanderford] would have successfully recovered damages ... in the underlying action." Appellant's Addendum at 10 (emphasis in original). Accordingly, the district court vacated the jury award and granted the defendants judgment as a matter of law.

On appeal, Vanderford asserts that the district court erred in granting judgment as a matter of law. Vanderford contends that his underlying claim is meritorious and that he is entitled to the damages he would have recovered on that claim. Alternatively, Vanderford contends that if his underlying claim is not meritorious, then Penix was negligent in exposing him to an assessment of attorney fees and he is entitled to recover the fee assessment.

## II. DISCUSSION

■ In reviewing a district court's grant of judgment as a matter of law, we consider the evidence, and the reasonable inferences that may be drawn from it, in the light most favorable to the nonmoving party. *Paul v. Farmland Indus., Inc.*, 37 F.3d 1274 (8th Cir.1994). We review the district court's interpretation of state law de novo. *Id.*

■ First we consider Vanderford's contention that his underlying action was meritorious. He argues that he was entitled to participate in federal crop support programs but that he was prevented from doing so as a result of the Davis–Holt agreement. He argues that due to Penix's mishandling of the underlying action, he was unable to collect the federal crop payments. We disagree.

■ Under Arkansas negligence law, the plaintiff must show that he suffered damages proximately caused by defendant's negligence. *Arkansas Kraft v. Cottrell*, 313 Ark. 465, 855 S.W.2d 333, 336 (1993). In order to show damages and proximate cause in a legal malpractice action, the plaintiff must show that but for the alleged malpractice, the result would have been different in the underlying action. *See, e.g., Sladek v. K Mart Corp.*, 493 N.W.2d 838, 840 (Iowa 1992); *Rodgers v. Czamanske*, 862 S.W.2d 453, 458 (Mo.App.1993); *McVaney v. Baird, Holm, McEachen, Pedersen, Hamann & Strasheim*, 237 Neb. 451, 466 N.W.2d 499, 507 (1991).

Vanderford has not shown that but for Penix's negligence, the result would have been different. Vanderford has not indicated the specific federal crop support programs in which he intended to participate.[4] In addition, Vanderford has not demonstrated his

---

**3.** Under Arkansas law, a court may require the losing party in a breach of contract action to pay a portion of the prevailing party's reasonable attorney fees. *See* Ark. Code Ann. § 16–22–308 (Michie 1994)

**4.** Vanderford has not cited, either through evidence at trial or in his brief, the farm programs which would have paid him federal funds. An entire chapter of the United States Code is comprised of crop support programs. *See* 7 U.S.C.

eligibility for any federal programs. Vanderford's own expert testified that "base"[5] was the foundation of eligibility. Although Vanderford showed that the Bearskin Lake property included some base acreage, Vanderford did not show which program crops could be related to the base. Without a comparison of Vanderford's base acreage to specific program requirements, we cannot determine whether Vanderford was entitled to any federal crop payments.[6] Accordingly, we find that Vanderford has failed to prove that he suffered any damage proximately caused by Penix's alleged negligence.

Vanderford next contends that if his underlying action is not meritorious, then Penix was negligent in exposing him to an assessment of attorney fees. Thus, Vanderford argues, he is entitled to recover the amount of the fee assessment. Again, we disagree.

Although this case has proceeded through many stages of litigation, no court has ever held that the underlying action was wholly without merit. Even if the underlying action was wholly without merit, Vanderford has not established that Penix was negligent in exposing him to an assessment of attorney fees.

Under Arkansas law, an attorney is negligent if he fails to exercise reasonable diligence and skill on behalf of his client. *See Arkansas Kraft*, 855 S.W.2d at 337; *Welder v. Mercer*, 247 Ark. 999, 448 S.W.2d 952, 954 (1970). Vanderford has not presented any evidence to support his "negligent exposure" theory. As a result, Vanderford has not addressed the relevant questions under the appropriate legal standard: Would a reasonably diligent and skilled attorney have protected his client from an adverse award of

attorney fees by refusing to file Vanderford's case, by dismissing the case prior to summary judgment, or by settling the case? Vanderford's proof fails to answer any of these questions.

## III. CONCLUSION

In sum, Vanderford's case suffers from a failure of proof. Vanderford has failed to prove that he would have recovered damages in the underlying action and has failed to prove that Penix was negligent in exposing Vanderford to an assessment of attorney fees. We conclude that the district court properly granted judgment as a matter of law in favor of Penix and his firm.

---

§§ 1421 et seq. Without knowing which statutes and corresponding regulations to examine, it is impossible to evaluate Vanderford's eligibility.

5. In the case of most program crops, the "crop acreage base" for a farm is "the number of acres that is equal to the average of the acreage planted and considered planted to the program crop" during the preceding five years. 7 U.S.C. § 1463(b). In other words, a farm's base in a particular program crop represents the farm's average historic yield of that crop.

6. Vanderford testified that if he had been allowed to participate in a program, he would have

done whatever was necessary to comply with program requirements. Vanderford's experts testified that if Vanderford had participated, he would have received between $50,000 and $150,000 in crop support payments. To link these two pieces of evidence, we would have to assume that Vanderford had a certain kind of base on the property, that this base qualified him for a federal crop support program, and that participating in the program would not conflict with the terms of the lease. The record simply provides no support for these assumptions.