# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3253

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Kathy D. Massey, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: April 16, 2004
Filed:  August 25, 2004

_____

Before LOKEN, Chief Judge, and BYE, Circuit Judge, and MAGNUSON,[1] District Judge.

_____

BYE, Circuit Judge.

Kathy D. Massey was removed for misconduct from her position as a Program Technician (PT) by the Jackson County (Arkansas) Executive Director of the United States Department of Agriculture and its Farm Service Agency (FSA; agency).  After exhausting her administrative appeals, Massey brought an action in the district court under the Administrative Procedures Act (APA), claiming the decision to terminate her was arbitrary and capricious or an abuse of discretion, violated her Fifth

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota, sitting by designation.

Amendment rights, and was not based on substantial evidence. The district court[2] granted summary judgment to the government, affirming the decision of the Executive Director for State Operations (EDSO). We affirm.

I

A.     Factual Background

Massey was employed for fourteen years as a PT in the Jackson County FSA Office in Newport, Arkansas. She was in charge of reconstitutions[3] and compliance programs. A county FSA office is run by a County Executive Director (CED), and the CED of the Jackson County FSA office was Floyd Campbell. The CED answers to a County Committee (COC) composed of farmers elected to serve from the local area. The COC answers to the Arkansas FSA State Committee (STC), composed of the State Executive Director and Arkansas farmers appointed by the Secretary of Agriculture. Disciplinary decisions concerning county employees are made by the STC. The State Executive Director is in charge of overall program implementation and direction. There is a District Director for each district who is responsible for the oversight of several county offices. During the time relevant to this case, Gary Roger Davis was the District Director overseeing Jackson County. Typically, a district director visits the county offices once a month.

---

[2]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

[3]Farm reconstitutions are authorized by 7 U.S.C. § 1379 and are permitted when ownership of a farm changes. A reconstitution is "a change in the land constituting a farm as the result of combination or division." Vanderford v. Penix, 39 F.3d 209, n.2 (8th Cir. 1994) (citation omitted).

In 1997, the Jackson County FSA Office came under investigation following concerns about allegations of farm program irregularities and conflicts of interest. Following initial conflicting reports, the Office of the Inspector General conducted an audit of the Jackson County FSA Office. Nathan Moore, an expert in reconstitutions, was one of the members of the audit team in charge of auditing the reconstitutions for the Jackson County Office for the time period of 1992 to 1998. The audit team discovered problems with reconstitutions, prevented planting, and ghost acres. It issued a report known as the "Jackson County Special Report," which formed the basis for the agency's disciplinary actions against Massey, CED Floyd Campbell, and another PT, Brenda Dawson.

The Special Report alleged that, inter alia, CED Campbell failed to disclose his financial interests in a farming operation in Jackson County, which presented a conflict of interest. The Special Report alleged five Jackson County FSA reconstitutions allowed producers to use the farm division and combination process to improperly build rice crop acreage bases (CAB)[4] and thereby improperly receive government program payments for which the producers were not eligible. Ninety-six percent of the problems with the reconstitutions involved one Jackson County family farming operation, the John Conner family. CED Campbell was involved with his son in a farming operation which had business dealings with John Conner. Nathan Moore estimated these problems cost the government more than five million dollars. It is undisputed Massey performed the reconstitutions in question.

---

[4]CABs are part of the reconstitution process. A farm's crop acreage base "in a particular program crop [such as wheat] represents the farm's average historic yield of that crop." Vanderford, 39 F.3d at n.5.

B.      Procedural Background

The STC sent a letter to Massey notifying her she was suspended without pay pending removal for conduct issues and numerous program deficiencies.[5]  Massey's suspension letter provided two reasons for the STC's decision.  The first reason stated she failed to properly perform the duties of her position as to reconstitution.  The first specification under this reason stated from 1992 through 1995 Massey allowed producers to use the reconstitution process to build CAB and at the same time participate in the Acreage Reduction Program.  The second specification under this reason stated from 1993 through 1995 Massey incorrectly loaded acreage reports regarding rice planted behind failed or prevented planted wheat acreage, as the rice should have been coded as "ghost acres" not to receive disaster payments and planted and considered planted acreage to build a rice CAB.

Reason two of Massey's suspension letter stated she had impeded the effectiveness of FSA operations.  The first specification under this reason stated as a PT, she failed to effectively manage the programs for which she was directly responsible, resulting in overpayments of government monies and expenditures of numerous staff resources to correct these program deficiencies.  The second specification under this reason stated as a PT, Massey, inter alia, improperly executed program documents, allowing the disbursement of government funds by permitting producers to use the reconstitution process to build rice CAB.

---

[5]The agency also took disciplinary action against CED Floyd Campbell and PT Brenda Dawson on the basis of the Jackson County Special Report.  Campbell was terminated and Dawson was suspended and moved.  Neither is a party to this appeal.

Following a non-adversarial proceeding, the STC concluded Massey did not provide sufficient responses to the charges and she was terminated.[6] Massey appealed the STC's decision to the EDSO. Hearing Officer John Chott conducted a comprehensive five-day hearing. He recommended the second specifications of the charges involving her work on the Disaster, Acreage Reduction Program and Production Planning Contract programs not be sustained, concluding Massey neither improperly loaded acreage reports on the system, nor improperly accepted incorrect acreage reports or processed documents which allowed producers to collect benefits to which they were not entitled. The hearing officer did, however, sustain specification one of charge one and specification one of charge two concerning Massey's work on reconstitutions.

The EDSO adopted Chott's decision, and this determination is a final administrative decision. See 7 C.F.R. § 7.30. Massey then filed suit in the district court for judicial review of the agency's decision. The district court affirmed and this appeal followed.

II

When reviewing the district court's opinion upholding the administrative agency's decision, this court must render an independent decision on the basis of the same administrative record as that before the district court. Moore v. Custis, 736 F.2d 1260, 1262 (8th Cir. 1984). This court should hold unlawful and set aside agency action if it is arbitrary, capricious, an abuse of discretion, contrary to constitutional right, or without observance of procedure required by law. Id. This standard of review is a narrow one and the court is not permitted to substitute its judgment for

---

[6] When an FSA county employee is removed for misconduct, the relevant procedures to be followed are set forth in the FSA regulations at 7 C.F.R. §§ 7.28-33 and 22-PM ASCS (FSA) Handbook Part 10, ¶ 4, or the County Office Personnel Manual.

that of the agency. <u>Sierra Club v. Davies</u>, 955 F.2d 1188, 1992-93 (8th Cir. 1992). The appellant bears the burden of proving the agency's action was abitrary and capricious. <u>Id.</u> at 1264.

Massey first contends the STC did not consider all relevant factors and relied on false information, and requests this court remand the case back to the STC for additional investigation. Specifically, Massey contends the STC was unaware someone else was changing the contribution percentages in the farm-record history which then contributed to the reconstitution problem. Significantly, however, Massey does not cite to any proof the STC was unaware other employees had access to the computer system. For example, as to one of the reconstitutions in question, A20116, the hearing officer expressly found although Massey was not in the office when three of the CABs resulting from the reconstitution were altered, Massey was in the office when the improper processing of the reconstitution was done in May 1992. We find Massey has produced no evidence which would call this conclusion into question, and therefore find no basis for remand on this issue.

Massey's attempts to refer to alleged errors regarding charges that were not sustained by the hearing officer are similarly unavailing, as this appeal only concerns the charges sustained by the hearing officer.

Massey also contends the agency's action was arbitrary and capricious because it failed to consider the allegations made against her involved actions or policies which had been approved, reviewed, and rejected by higher agency authority. The bulk of Massey's citations from the hearing transcript in support of her argument concern the issue of whether rice planted later than wheat is a normal farm practice in Jackson County. Again, this issue is irrelevant to the questions before this court as the charges against Massey on this issue were not sustained.

Significantly, Massey does not dispute she worked on all five of the questioned reconstitutions. And while it is true the reconstitutions were approved by her superiors, the STC had knowledge of this approval, and the CED in Jackson County Floyd Campbell (Massey's supervisor) was also terminated for improper conduct. Also, District Director Gary Roger Davis had only limited contact with the Jackson County FSA (performing "spot checks" during a monthly visit to ascertain how the programs are being administered overall). Therefore, we find unpersuasive Massey's contention she should be absolved of responsibility for the improper reconstitutions and their results based on Davis's supervisory role. In sum, although we suspect Massey may have found herself in an unfortunate circumstance, she has not presented sufficient evidence to indicate she was merely a scapegoat.

Massey further contends she has a "reasonable expectation of continued employment" creating a property interest protected by the Due Process Clause of the Fifth Amendment of the United States Constitution. Unlike employees covered by the Civil Service Reform Act, however, county employees serve at the pleasure of the county executive director. Buchholz v. Aldaya, 210 F.3d 862, 864 (8th Cir. 2000) (concluding a county employee from the Agricultural Stabilization and Conservation Service had no protected interest in her employment and therefore no due process claim).

Massey argues the existence of her property interest is demonstrated by the agency's rules or regulations concerning discharge by the agency itself. In Bucholz, this court rejected a similar argument, concluding the agency's procedural requirements which allowed an employee the right to an informal hearing and review by the Area Director did not confer a property interest for due process purposes and were consistent with the declaration that county employees work at the pleasure of the County Director. Bucholz, 210 F.3d at 867.

Additional discussion of Massey's remaining claims would serve no useful purpose, and we affirm.  <u>See</u> 8th Cir. R. 47B.

III

We affirm the agency's decision to terminate Massey.

_____