WALTER L. HOFER, appellant, v. BITUMINOUS CASUALTY CORPORATION, appellee.

No. 52379.

(Reported in 148 N.W.2d 485)

82

FEBRUARY 7, 1967.

McCracken & Carlin, of Davenport, for appellant.

Lane & Waterman, of Davenport, and R. L. Hubbard, of Rock Island, Illinois, for appellee.

RAWLINGS, J.—Plaintiff-employee sustained personal injuries arising out of and in the course of his employment.

Compensation benefits were paid him by defendant, the employer's insurance carrier.

Plaintiff later commenced this action in tort against defendant-insurer claiming it had reserved authority under the employer's policy of insurance to inspect work places; inspection was negligently made; the building on which plaintiff was working collapsed causing him injuries; defendant's negligence was the proximate cause; and he was free from contributory negligence.

Defendant answered admitting plaintiff was injured in the course of employment by reason of collapse of a building and a reservation of right of inspection under its policy of insurance with plaintiff's employer, but denied all other allegations contained in plaintiff's petition.

Defendant also filed in the case a notice of lien under section 85.22, Code, 1962.

The first trial resulted in a discharge of the jury on failure to reach a verdict.

Plaintiff subsequently made application for adjudication of law points contending defendant's notice of lien constituted a "judicial admission" or "admission against interest."

The trial court held the filing of statutory notice of lien by defendant did not constitute any such admission.

The case then proceeded to trial a second time resulting in a verdict for defendant and plaintiff appeals.

■ I. A judicial admission is a formal act, done in the course of judicial proceedings, which waives or dispenses with the production of evidence, by conceding for purposes of litigation that the proposition of fact alleged by the opponent is true. Snittjer Grain Co. v. Koch, 246 Iowa 1118, 1127, 71 N.W.2d 29. See also Bunch v. Hanson, 251 Iowa 1097, 1104, 104 N.W.2d 581; Le Compte v. Sanders, Tex. Civ. App., 378 S.W.2d 861, 866, 867; and 31A C. J. S., Evidence, sections 299–302, pages 764–777.

■ II. What is sometimes referred to as an "admission against interest" is any statement of fact made by or attributable to a party to an action which constitutes an admission against his interest and tends to establish or disprove any material fact in the case. Katcher v. Heidenwirth, 254 Iowa 454, 466, 467, 118 N.W.2d 52, 6 A. L. R.3d 1293; Kellner v. Whaley, 148 Neb. 259, 27 N.W.2d 183; 31A C. J. S., Evidence, sections

272–277, pages 696–708; and Jones on Evidence, Fourth Ed., section 236.

However, as we pointed out in Sayre v. Andrews, 259 Iowa 930, 944, 146 N.W.2d 336, 345, use of the phrase "admission against interest" is an invitation to confuse two separate exceptions to the hearsay rule. Stated otherwise "admission against interest" as commonly used may often be misleading if not erroneous. In fact evidence heretofore often classified as an admission against interest is better identified as an "evidential admission", and we shall here employ that terminology. See McCormick on Evidence, section 240; Wigmore on Evidence, Third Ed., section 1049; and Conrad, Modern Trial Evidence, section 453.

III. This case stems from Fabricius v. Montgomery Elevator Co., 254 Iowa 1319, 121 N.W.2d 361, 93 A. L. R.2d 591, where we held an injured employee could sue a workmen's compensation insurer for a negligently conducted gratuitous inspection.

However, the sole question presented on this appeal is as follows: Where an injured employee brings a direct action in tort against his employer's compensation carrier, does the filing of a notice of lien under section 85.22 by defendant-insurer constitute an admission, either judicial or evidential? We confine ourselves to this issue alone.

IV. To the extent here relevant, section 85.22 provides:

"When an employee receives an injury for which compensation is payable under this chapter, and which injury is caused under circumstances creating a legal liability against some person other than the employer to pay damages, the employee, or his dependent, or the trustee of such dependent, may take proceedings against his employer for compensation, and the employee or, in case of death, his legal representative may also maintain an action against such third party for damages * * *

"1. If compensation is paid the employee or dependent or the trustee of such dependent under this chapter, the employer by whom the same was paid, or his insurer which paid it, shall be indemnified out of the recovery of damages to the extent of

the payment so made, with legal interest, * * * and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which he is liable. In order to continue and preserve the lien, the employer or insurer shall, within thirty days after receiving notice of such suit from the employee, file, in the office of the clerk of the court where the action is brought, notice of the lien."

This means, subject to timely filing of proper notice of lien, a paying compensation carrier is entitled to indemnity from any amount recovered by an employee in an action in tort brought by him against some person other than the employer. We so held in Price v. King, 255 Iowa 314, 319, 122 N.W.2d 318. See also Tucker v. Nason, 249 Iowa 496, 500, 87 N.W.2d 547.

And in Southern Surety Co. v. Chicago, R. I. & P. Ry. Co., 215 Iowa 525, 531, 245 N W. 864, this court said: "If no recovery for damages is had, then it appears that there can be no indemnity enforced."

V. In effect the statutory notice of lien filed by defendant pursuant to section 85.22 merely states: (1) this insurance carrier has paid compensation to plaintiff-employee (2) he in turn has brought an action in tort against someone other than his employer, and (3) in the event the compensated employee recovers damages by virtue of his tort action, the paying compensation carrier claims right to indemnity out of any damages recovered.

Stated otherwise, a paying compensation carrier's notice of lien is nothing more nor less than a statutory declaration of right to be indemnified in the event a compensated employee recovers damages from anyone other than his employer. See in this regard 53 C. J. S., Liens, section 5, page 847, and 33 Am. Jur., Liens, sections 24–26, pages 432, 433.

VI. The notice of lien provided by section 85.22 does not attain the status of a pleading. Rules 68–73, Rules of Civil Procedure, and State v. One Certain Automobile, 237 Iowa 1024, 1029–1031, 23 N.W.2d 847.

VII. Neither does such a notice possess the qualities essential to an admission, either judicial or evidential.

█ It admits or concedes no fact other than payment of compensation to an injured employee, and a statutory right to be indemnified in the event the compensated employee recovers damages in tort from some party other than the employer.

It is a claim of legal right conditioned upon the compensated employee's recovery of damages from a party other than his employer.

And the fact that the employer's compensation carrier is the party being sued in tort does not alter or change the situation.

We find nothing to the contrary in Grantham v. Potthoff-Rosene Co., 257 Iowa 224, 131 N.W.2d 256; Katcher v. Heidenwirth, 254 Iowa 454, 118 N.W.2d 52, 6 A. L. R.3d 1293; Iowa Nat. Mut. Ins. Co. v. Chicago, B. & Q. R. Co., 246 Iowa 971, 68 N.W.2d 920; Disbrow v. Deering Implement Co., 233 Iowa 380, 9 N.W.2d 378; or any other cases and authorities cited by plaintiff.

█ VIII. Were we to hold with plaintiff in this case the door would be opened to possible double recovery by a compensated employee whenever the party being sued in tort by the employee happened to be the employer's compensation insurance carrier.

This would be inequitable and contrary to the terms, intent and purpose of our Workmen's Compensation Act. In this connection see chapter 85, Code, 1962; 2 Larson's Workmen's Compensation Law, section 71.20, page 166; and 101 C. J. S., Workmen's Compensation, section 994(c), page 516. See also rule 344(f), R. C. P., and Bergeson v. Pesch, 254 Iowa 223, 227, 117 N.W.2d 431.

IX. There is no need to further extend this opinion. It is to us evident the trial court correctly held, filing of a notice of lien by defendant, in accord with section 85.22, did not constitute an admission, either judicial or evidential. Judgment in this case must be and is—Affirmed.

All JUSTICES concur except LARSON, J., who concurs in result.