CHARLES A. BURCH, appellant, v. F. A. WITT, appellee.

PAULINE BURCH, appellant, v. F. A. WITT, appellee.

No. 52450.

(Reported in 149 N.W.2d 126)

MARCH 7, 1967.

Killmar & Reynoldson, of Osceola, for appellants.

Austin, Grefe & Sidney, of Des Moines, for appellee.

RAWLINGS, J.—Plaintiffs, husband and wife, brought separate actions against defendant for recovery of damages resulting from a multivehicle collision. The cases were consolidated for trial. From judgments on verdicts adverse to them both plaintiffs appeal.

The accident occurred September 28, 1963. Plaintiffs' petitions were filed September 18, 1965. Trial commenced June 28, 1966.

Divisions I and II of each petition were identical, except Division II omits any allegation of freedom from contributory negligence on the part of plaintiffs. For that reason the trial court, on defendant's motion at close of all the evidence, dismissed Division II of each petition.

The cases were submitted to a jury on Divisions I and III alone. With these we are not here concerned.

The sole question posed is whether the provisions of chapter 430, section 1, Acts of the Sixty-first General Assembly (section 619.17, Code 1966), applies to torts which occurred prior to its effective date, July 4, 1965.

I. This same issue was presented in Schultz v. Gosselink, 260 Iowa 115, 148 N.W.2d 434. Our holding in that case is here controlling.

As to Division II of the petitions in the cases at bar, defendant, if he so desired, had the burden to plead and prove plaintiff was in each instance guilty of negligence which contributed in any way or in any degree directly to the injury or damage of which complaint is made.

The trial court erred in dismissing Division II of plaintiffs' petitions.

Under these circumstances both plaintiffs are entitled to a new trial with leave granted each and all parties to file substituted, amended or additional pleadings.

Reversed and remanded for new trials.

All JUSTICES concur.