WANDA JUNE HARLAN, appellee, v. MARC ANDRE PASSOT et al., appellant.

MARVIN L. HARLAN, appellee, v. MARC ANDRE PASSOT et al., appellant.

No. 52464.

(Reported in 150 N.W.2d 87)

502

April 4, 1967.

Johnson, Burnquist & McCormick, of Fort Dodge, for appellant.

Coonley & Coonley, of Hampton, for appellees.

MASON, J.—Plaintiffs' law actions to recover damages resulting from an automobile accident were consolidated for trial. The wife makes claim for personal injuries, the husband for loss of consortium and damage to his pickup truck. Trial to a jury resulted in verdicts for defendant. Plaintiffs' motion for new trial was sustained and the judgments were set aside.

Defendant's appeal presents the question whether chapter 430, section 1, Acts of the Sixty-first General Assembly, effective July 4, 1965, now section 619.17, Code, 1966, operates retrospectively or prospectively.

The accident occurred about 10:30 a.m., September 26, 1963, approximately seven miles east of Hampton. Wanda June Harlan was driving her husband's truck east on state highway 3 with a friend as the only other occupant. As she was making a right-hand turn into a farm lane at this point, an automobile being driven easterly by defendant Passot collided with the rear of the pickup, injuring Wanda and damaging the truck.

Plaintiffs pleaded Wanda was free from contributory negligence but did not amend their petition although on file for several months. Defendant alleged Wanda was guilty of negligence contributing as a proximate cause of the injury and damages.

The trial commenced January 31, 1966, and concluded February 3.

I. Section 619.17 provides:

"Contributory negligence—burden. In all actions brought in the courts of this state to recover damages of a defendant in which contributory negligence of the plaintiff, actual or imputed, was heretofore a complete defense or bar to recovery, the plaintiff shall not hereafter, have the burden of pleading and proving his freedom from contributory negligence, and if the defendant relies upon negligence of the plaintiff as a complete defense or bar to plaintiff's recovery, the defendant shall have the burden of pleading and proving negligence of the plaintiff, if any, and that it was a proximate cause of the injury or damage. As used in this section, the term 'plaintiff' shall include a defendant filing a counterclaim or cross-petition, and the term 'defendant' shall include a plaintiff against whom a counterclaim or cross-petition has been filed."

Like two recent cases before us, the present case straddles the effective date of the act.

II. The trial court by its instructions imposed the burden on Wanda of proving freedom from contributory negligence on her personal injury claim, and put the burden on Marvin L. Harlan to prove his wife's freedom from contributory negligence on his claim for loss of consortium, although not on his claim for motor vehicle damage.

Plaintiffs made timely objection to these instructions which were renewed in their motion for new trial.

The motion presented two problems: (1) whether plaintiffs had to prove freedom from contributory negligence because they alleged it; and (2) whether the act changing the burden of proof on contributory negligence is retrospective or only prospective.

In ruling on plaintiffs' motion the trial court concluded as to the first problem, plaintiffs' pleading freedom from contributory negligence did not require them to assume that burden on the trial; the burden of pleading and proof being procedural under section 619.17, this portion of the statute is to be applied retrospectively and this allegation being unnecessary, was surplusage.

The trial court was correct. "A party by pleading more facts than he needs to does not ordinarily obligate himself to prove them. He will not be prevented from proceeding in the trial of the action merely because he has alleged more than he has proved, where the unproved allegations are unnecessary to authorize recovery." Barnes v. Gall, 251 Iowa 921, 925, 103 N.W.2d 710, 713, quoting 41 Am. Jur., Pleading, section 369, and citing cases. See also section 619.9, Codes 1962, 1966.

The court held the question of proximate cause relates to substantive rights and this phase of the quoted section operates prospectively only; defendant had the burden of pleading Wanda's contributory negligence but if he proved by a preponderance of the evidence that she was contributorially negligent, then plaintiffs could not recover if such negligence directly contributed in any manner or to any degree to the damages

sought in her personal injury claim or in her husband's claim for loss of consortium.

The court determined plaintiffs were prejudiced by having the burden as to contributory negligence placed on them and set aside the judgment.

 III. Defendant asserts the trial court erred in setting aside verdicts for him after correctly instructing on contributory negligence, and in any event any error in the contributory negligence instructions was harmless. He contends the necessity that a plaintiff prove freedom from contributory negligence is substantive; that the amendment effects a substantive change and operates prospectively only.

In view of our recent decision in Schultz v. Gosselink, 260 Iowa 115, 148 N.W.2d 434, and as followed in Burch v. Witt, 260 Iowa 221, 149 N.W.2d 126, defendant in oral argument concedes his first contention has been decided adversely to him. In Schultz, page 121 of 260 Iowa, pages 437, 438 of 148 N.W.2d, we said:

 "We hold the new statute, now section 619.17, Code 1966, affects both remedial or procedural and substantive rights. As to burden of proof the statute is retroactive and, of course, prospective. As to the quantum of proof it is prospective only.

"Stated otherwise, as to actions brought involving an accident which occurred prior to July 4, 1965, but trial commenced thereafter the burden is on defendant to plead and prove plaintiff's negligence contributed in any way or any degree directly to the injury or damage. However, in actions brought involving accidents which occurred on or subsequent to July 4, 1965, the defendant, if he relies upon the negligence of plaintiff as a complete defense or bar to plaintiff's recovery, has the burden of pleading and proving negligence of plaintiff was a proximate cause of the injury or damage.

"In the case at bar defendant, if he so desired, had the burden to plead and prove plaintiff was guilty of contributory negligence. The accident having happened before July 4, 1965, defendant, however, was only required to prove contributory negligence under the rule in effect prior to said date."

IV. Marvin was not required to prove his wife's freedom from contributory negligence in order to recover truck damages. Her negligence would not bar this claim unless found to be the sole proximate cause of the collision. Stuart v. Pilgrim, 247 Iowa 709, 74 N.W.2d 212.

Defendant argues any error in the contributory negligence instructions was not prejudicial because the jury's verdict was based either on a finding of no negligence of defendant or that any negligence of defendant was not a proximate cause of the collision. Defendant contends there was a stipulation by his counsel of the actual value of cost of repair to the Harlan vehicle and of his right to recover that amount in damages in the event of recovery.

In order to recover for truck damages Mr. Harlan was required to prove by a preponderance of the evidence defendant's negligence was a proximate cause of the collision. He also had to prove a third element, the necessary and reasonable repair bill.

It is defendant's position there was a stipulation or judicial admission by his counsel of the actual value and cost of repair to the Harlan vehicle. Defendant offered in evidence two estimates on the repairs which he later withdrew. Plaintiffs offered the repair bill at which time defendant's counsel stated, "No objection, with the understanding that this is the repair bill under which the repairs were made and shows the actual cost of repairs to the truck." Plaintiffs' counsel replied, "Right."

We believe defendant claims too much for this record. It falls far short of being a judicial admission. Hofer v. Bituminous Casualty Corporation, 260 Iowa 81, 148 N.W.2d 485, 486, and citations. No evidence was offered as to the reasonable cost of repair.

The following are the general rules of law governing the amount of damages in automobile cases:

"(1) When the automobile is totally destroyed, the measure of damages is its reasonable market value immediately before its destruction.

"(2) Where the injury to the car can be repaired, so that, when repaired, it will be in as good condition as it was before the

injury, then *the measure of damages is the reasonable cost of repair* plus the reasonable value of the use of the car while being repaired, with ordinary diligence, not exceeding the value of the car before the injury.

"(3) When the car cannot, by repair, be placed in as good condition as it was in before the injury, then the measure of damages is the difference between its reasonable market value immediately before and immediately after the accident" (emphasis supplied). Langham v. Chicago, R. I. & P. Ry. Co., 201 Iowa 897, 901, 208 N.W. 356, 358, and citations.

See also Woode v. Kabela, 256 Iowa 622, 626, 128 N.W.2d 241, 244, and citations.

Although the repair bill was admissible as evidence of the amount paid, standing alone, as here, it was not the true measure of recovery. Parkhill v. Bekin's Van & Storage Co., 169 Iowa 455, 464, 151 N.W. 506, 509.

"While it has been held that a receipted bill for repairs to a motor vehicle is competent evidence of the amount of damage, generally a bill for repairs may be admitted to prove the reasonable cost, when there is evidence showing that the repairs indicated by the bill were necessary. that the items contained therein are correct, and that the charges therefor are just, proper, and reasonable, but not in the absence thereof." 25A C. J. S., Damages, section 157b(1).

The jury might well have found Mr. Harlan did not prove the third element necessary for him to recover truck damages.

We do not agree with defendant's contention that the error in the contributory negligence instructions was harmless.

In view of a retrial of the case it should be noted that defendant by alleging proximate cause in his affirmative defense, pleaded more than he was required to prove in defense to Wanda's claim for personal injuries and her husband's claim for loss of consortium.

Our holding in Schultz v. Gosselink is controlling here.

The action of the trial court in setting aside the judgment is—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.