**Imogene V. MEYER, Administrator of the Estate of Roger Lee Meyer, Deceased, Appellant,**

v.

**Joseph Paul SCHUMACHER and Paul Schumacher, Appellees.**

**No. 52983.**

Supreme Court of Iowa.

July 18, 1968.

Wunschel & Schechtman, Carroll, for appellant.

David E. Green, Carroll, for appellees.

RAWLINGS, Justice

On law action by plaintiff-administrator for damages resulting from automobile accident, trial to jury resulted in verdict for defendants. Plaintiff appeals. We reverse.

August 17, 1966, Roger Meyer, Richard Biederman and Ronald Kraft, in a car owned and operated by the latter, went from Auburn to Breda. From there they started east and when about three miles out of town engine trouble developed. Kraft stopped the car and turned out the lights. Location of the vehicle on the highway, at that time, is in dispute. It was raining hard and very dark.

Soon an opposite direction vehicle passed. Meyer, seated in the rear seat, told Kraft to turn on the lights.

Shortly thereafter, about 7:45 P.M., a same direction automobile operated by defendant Joseph Schumacher, owned by defendant Paul Schumacher, struck the rear of the Kraft car, causing fatal injuries to plaintiff's decedent.

Errors assigned on appeal are, trial court erred in (1) unduly restricting cross-examination of the witness Longnecker; (2) permitting defendants to belatedly amend their answer; (3) erroneously instructing the jury relative to contributory negligence; and (4) giving an incorrect instruction regarding duty of decedent as a guest in the Kraft car.

I. Defendants' witness Longnecker, Carroll County Sheriff, during direct examination, used notes to refresh his memory. On cross-examination it developed the memorandum so employed was an unfiled accident report prepared by him. Plaintiff then offered the document in evidence. Trial court sustained objection by defendants, granting plaintiff leave to inspect the memo and cross-examine the witness

regarding information gained as a result of accident area personal observations, but not with reference to any statements made by parties involved. Plaintiff challenged this ruling.

Jury-absent-questioning of the sheriff disclosed he undertook an early on-the-scene-investigation and was soon joined by State Highway Patrolman Hanson.

In the process of their inquiry these two officers questioned defendant Joseph Schumacher at a hospital shortly after the collision. As stated by Longnecker, he and Hanson worked together, information secured by one being actually obtained by both.

The notations used by the sheriff as a memory refresher were on the same form as that used by the patrolman in making his official report. When completed they were similar, if not identical. In effect, Longnecker's memo, though in his handwriting, was a carbon copy of Hanson's official statement. Knowing the patrolman would file an official report with the Public Safety Department, the sheriff retained his copy.

Section 321.271, Code, 1966, provides in material part: "All accident reports shall be in writing and the written report shall be * * * for the confidential use of the department * * *. A written report filed with the department shall not be admissible in or used in evidence in any civil case arising out of the facts on which the report is based."

This is not the first time we have been called upon to construe the foregoing statutory enactment.

Ehrhardt v. Ruan Transport Corp., 245 Iowa 193, 61 N.W.2d 696, involved a collision of two trucks. Plaintiff in that case made statements concerning the accident to a highway patrolman in the presence of an attorney's secretary who took notes for her employer. An attempt was made during trial to introduce in evidence the information so obtained by the secretary. Holding trial court correctly excluded this testimony, we said, loc. cit., 245 Iowa 203: "Here, then, by coincidence, the lawyer, his secretary and the highway patrolman arrived at the Ehrhardt home at the same time. Most, if not all, the information given was in response to the officer's questions, and as he was there for the purpose of making the written report, none of the disclosures made then and there could be used to Ehrhardt's prejudice in any civil trial. The court was correct in excluding the testimony of the secretary, and there being no reversible error the case is affirmed."

And in Pinckney v. Watkinson, 254 Iowa 144, 154, 116 N.W.2d 258, 264 is found this relevant statement: "It is true we have held this section does more than create a personal privilege, for it prohibits the use in evidence of information required of one for the purpose of a report to the State, and that the *information given an officer as therein required for the purpose of making his written report cannot be used to the prejudice of the informant through the testimony of the officer, an eavesdropper, bystander, or anyone else.*" (Emphasis supplied.)

Later, dealing with the same subject matter this court said in Martin v. Cafer, 258 Iowa 176, 184, 138 N.W.2d 71, 76: "Plaintiff urges because the report in question was filed at the police station section 321.271 is not applicable. If this were true, we would have a situation where reports to the department, and reports in cities or towns which had adopted an ordinance pursuant to section 321.273 would not be admissible, but in cities of 15,000 or more population the same information filed with the department would be admissible in a civil action. We do not believe the legislature intended such an inconsistent result, the wording and arrangement of the statute do not require it. Such reports are subject to the prohibition of section 321.-271." See also Brown v. Lyon, 258 Iowa 1216, 1223, 142 N.W.2d 536; and citations.

These prior opinions, to which we adhere, disclose any statement made to Patrolman Hanson in the course of his investigation, overheard and reduced to writing by fellow investigator Sheriff Longnecker, is privileged. We conclude trial court was correct in excluding from evidence the sheriff's report, and restricting cross-examination of him as above set forth.

II. Plaintiff's petition alleged specific negligence on the part of defendants. They answered, asserting in part: " * * * plaintiff's decedent was contributarily [sic] negligent in causing his death." Subsequently defendants augmented the foregoing with this pretrial amendment: "In sitting in said automobile with his lights out, parked on a public highway, drinking alcoholic beverages, when he knew or should have known it was dangerous and could cause an accident and his death."

After both parties had rested and proposed instructions had been submitted to counsel, defendants, with leave granted over plaintiff's objection, further amended their answer by alleging, "negligence of the plaintiff's decedent was a proximate cause of his injury or damage."

It is now contended trial court erred in permitting this tardy amendment.

Admittedly section 619.17, Code, 1966, relative to defendant's burden to plead and prove negligence on the part of plaintiff is here applicable.

As aforesaid defendants originally asserted contributory negligence as a defense. Their at-close-of-evidence-amendment was designed to meet the requirement of section 619.17 by alleging the previously asserted negligence of plaintiff's decedent was a proximate cause of his death.

Rule 88, R.C.P., provides: "Any pleading may be amended before a pleading has been filed responding to it. The court, in furtherance of justice, may allow later amendments, including those to conform to the proof and which do not substantially change the claim or defense. The court may impose terms, or grant a continuance with or without terms, as a condition of such allowance."

As demonstrated by Cahill v. Illinois Central Railroad Co., 137 Iowa 577, 576–585, 115 N.W. 216, defendant's challenged amendment did not set up a new defense. In the cited case we held plaintiff should be permitted to amend a petition, based on negligence, after the statutory period limiting right of action, to allege freedom from contributory negligence, since the amendment did not assert a new cause of action but related to the same matter set forth in the original pleading. Defendant's challenged amendment in the case at bar related to a defense originally pled.

This court allowed an after-judgment-amendment to stand in Weidert v. Monahan Post Legionnaire Club, 243 Iowa 643, 646–648, 51 N.W.2d 400. There plaintiff, having failed to assert the then required allegation of freedom from contributory negligence, was allowed to belatedly amend and so plead.

And in Brown v. Guiter, 256 Iowa 671, 675, 128 N.W.2d 896, 899, we said: "Liberality in permitting amendments is the general rule, however, this liberality has limits. Determination of such limits is vested in the sound judicial discretion of trial courts. We do not interfere unless an abuse of discretion appears. In considering this question we take into consideration that trial courts are charged with the duty of conducting orderly and expeditious jury trials."

See also Hackney v. Tower, Iowa, 152 N.W.2d 257, 261, and Dailey v. Holiday Distributing Corporation, Iowa, 151 N.W.2d 477, 482–483.

Under the circumstances here disclosed we find no abuse of discretion on

the part of trial court in permitting defendants to amend their answer at close of all evidence.

III. Despite the fact section 619.17, Code, 1966, as previously stated, is here applicable, trial court by instruction 7, told the jury: "'Contributory negligence' is such negligence as contributes in any way or in any degree directly to any injury."

On that subject we have said: "* * * in actions brought involving accidents which occurred on or subsequent to July 4, 1965, the defendant, if he relies upon the negligence of plaintiff as a complete defense or bar to plaintiff's recovery, has the burden of pleading and proving negligence of plaintiff was a proximate cause of the injury or damage." Schultz v. Gosselink, 260 Iowa 115, 148 N.W.2d 434, 438. See also Reich v. Miller, Iowa, 151 N.W.2d 605, 610; Harlan v. Passot, 260 Iowa 501, 150 N.W.2d 87, 89–90; and Burch v. Witt, 260 Iowa 221, 149 N.W.2d 126, 127.

█ It follows, the jury was not correctly advised by No. 7 as to the applicable rule relative to negligence, if any, on the part of plaintiff.

But, defendants argue all instructions should be construed together, and refer to instructions 28 and 30 as given.

These two instructions do employ the proximate cause concept relative to negligence by plaintiff, but at the same time are prolix and can hardly be classified as models of clarity.

Furthermore, the error present in No. 7, supra, is extended by this statement in No. 30. "Contributory negligence is fault on the part of the person injured which cooperates in some degree with the negligence of another, and so helps to bring about the injury."

In addition, trial court's concluding paragraph of instruction 30, states: "Although

Plaintiff's decedent was entitled to rely upon the skill and judgment of the driver within reasonable limits, he was not entitled to completely surrender his care to the driver. If reasonable care and prudence under the circumstances as shown by the evidence required him to take any particular precaution to avoid injury, then he was under the legal duty to take such precaution, *and a failure on his part to do so would constitute contributory negligence on his part and would bar Plaintiff's recovery.*" (Emphasis supplied.)

This last statement served, in substance, to advise the jury that if certain circumstances required a given course of action by plaintiff's decedent which was not followed, he was contributorially negligent and there could be no recovery, regardless of proximate cause.

█ The duty imposed upon plaintiff's decedent was that he exercise ordinary care for his own safety, the burden in this case being upon defendants to prove he failed to do so, and such failure was a proximate cause of the injury or damage. Section 619.17, Code, 1966; Glandon v. Fiala, Iowa, 156 N.W.2d 327, 330–331; and Schultz v. Gosselink, supra.

In the case at bar the jury was erroneously told, if it found lack of action on part of plaintiff's decedent unreasonable under the circumstances, his failure to exercise the duty of care imposed upon him would constitute contributory negligence which, in turn, would bar any recovery. This clearly ignores the requirement, as aforesaid, that such negligence, if any, was a proximate cause. It is thus apparent instruction 30 failed, at a material point, to advise the jury relative to the essential proximate cause ingredient. This was an erroneous and misleading omission.

As a result, error inherent in No. 7 is not cured by reference to other instructions which, in part at least, not only reiterate but aggravate the original mistake.

Finally, with reference to the matter here being considered, this court said in Matuska v. Bryant, 260 Iowa 726, 150 N.W.2d 716, 723: "* * * perhaps to the average juror there may be little or no difference in negligence which is a proximate cause and negligence which contributed in any way or in any degree directly to the injury, the *reference to 'in any way or to any degree' and 'a proximate cause' together* * * * might be confusing as to defendants' burden and *would be improper*. As bearing on this matter, see Klunenberg v. Rottinghaus, 256 Iowa 731, 129 N.W.2d 68, and an article by Philip J. Willson in the May, 1966, issue of the Drake Law Review, Vol. 15, No. 2, page 97." (Emphasis supplied.)

It is suggested, one possible means by which to avoid some confusion in the giving of an instruction relative to negligence on the part of a plaintiff as a complete defense under existing law is to employ the principles set forth in Schultz v. Gosselink, supra. See also Uniform Jury Instructions 2.2A and 2.2B.

■ IV. The fourth assigned error, not being argued, is therefore deemed waived. Rule 344(a) (4) (Third), R.C.P., and McDannel v. Parkview Investment Corp., 257 Iowa 1160, 1166, 136 N.W.2d 281.

V. By proper and timely exceptions, renewed in the motion for new trial, plaintiff vigorously challenged instructions 7, 28, and 30. This is not disputed by defendants.

We conclude the jury could only have been prejudicially misled by the erroneous, conflicting and confusing instructions given by trial court.

Upon this basis there is no alternative but to reverse and remand the case with directions to set aside the order heretofore entered and sustain plaintiff's motion for a new trial.

Reversed and remanded with directions.

All Justices concur.