**John L. KELLY, Appellant,**

**v.**

**IOWA–ILLINOIS GAS & ELECTRIC COMPANY, Appellee.**

**No. 54196.**

Supreme Court of Iowa.

Feb. 9, 1971.

---

Newport, Newport & Wine, and Thomas G. Schebler, Davenport, for appellant.

Lane & Waterman, Davenport, for appellee.

BECKER, Justice.

Plaintiff, a construction worker for the City of Davenport, was injured by electric shock when the cable of a crane with which he was working made electrical contact with a 7620 volt transmission line owned by defendant. He brought suit alleging negligence on the part of defendant in numerous specifications, three of which were submitted to the jury. From verdict for defendant and judgment thereon plaintiff appeals. We find no reversible error and affirm.

Plaintiff was working for the City of Davenport on October 18, 1965 when he was injured. For several weeks prior thereto plaintiff had been working to install a storm sewer along the east side of Zenith Street. The sections of pipe had been placed along the west side of the street and used as needed. Several 1200 pound sections of the pipe were left after the job was complete. Plaintiff was working to remove these sections at the time of the accident.

The workmen employed a crane with a 35 foot boom to do the job. As the crane boom was swung over toward the vicinity of the pipe plaintiff had the chain which was attached to the crane bucket in his hand. As plaintiff approached the pipes he glanced up and saw the cable, the wire and blue sky between. He then saw a flash and lost consciousness. He was badly burned and severely injured as a result of the ensuing electric shock.

Plaintiff's evidence also showed defendant company's agents knew of the city construction work going on along the east side of Zenith Street. They knew it was a common practice to store heavy pipe on the opposite side of the street during such operations. Defendant was not requested by the city and did not, of its own volition, take any special precautionary action in connection with the project. Plaintiff took no exceptions to the form of the specifications of negligence as submitted but objected to the court's failure to instruct on certain pleaded specifications which were omitted and made other objections noted infra.

I. At the outset we should consider plaintiff's argument that a verdict on the issue of liability should have been directed in plaintiff's favor. We have often held it is a rare case where the party having the burden of proof establishes his facts as a matter of law. Questions of negligence and contributory negligence are ordinarily for the jury (or the trier of fact).

The factual situation here was similar to, but not identical with, the factual situation encountered in Cronk v. Iowa Power & Light Co., 258 Iowa 603, 138 N.W.2d 843 (1966). In that case we held the questions of negligence and contributory negligence were for the court, sitting as the trier of the facts. There the court found for plaintiff. Here the jury found for defendant. In both cases reasonable minds might disagree. This is the essence of a jury case. The case was properly submitted.

We might add that there were factual differences between Cronk v. Iowa Power & Light Co., supra, and this case. In Cronk the primary work was carried on directly under the live wires. In this

case the primary work was across the street and the pipe was merely stored under the live wires for later use. This and other differences could account for the different results. In any event the cases are each found to raise a jury question and are final if supported by substantial evidence and submitted without reversible error.

II. Plaintiff's primary complaints about the manner of submission revolve around the trial court's treatment of the National Electrical Safety Code (hereafter referred to as the code). The manner in which the code became a part of the evidence made it difficult for plaintiff to crystalize his position before the trial court and makes it difficult for this court to properly treat the issues raised.

Plaintiff did not rely on ordinance violation or code violation as part of its specifications of negligence as originally pled. Defendant injected the code into the case and both sides then stipulated the code was a part of the ordinances of the City of Davenport. In view of this stipulation we express no opinion as to whether a national code may be incorporated into an ordinance in the manner apparently attempted here. City of Tucson v. Stewart, 45 Ariz. 36, 40 P.2d 72, 96 A.L.R. 1492 (1935); Hillman v. Northern Wasco County Peoples Util. Dist., 213 Or. 264, 323 P.2d 664 (1958); Agnew v. City of Culver City, 147 Cal.App.2d 144, 304 P.2d 788 (1956). We treat the code as a part of the ordinance pursuant to stipulation.

There was evidence from defendant tending to show it had complied with the code in all respects. Plaintiff's cross-examination was in large part directed at showing violations of the code by using defense witnesses. Our examination of the record fails to show evidence of violation of the code as to any specific standard.

■ With this state of the record plaintiff asked to amend his petition to include the following specification: "17(i) In failing to conform to the standards of supervision required by said safety code in protecting this plaintiff from defendant's overhead supply line at the place of the accident here in issue." This request was properly denied. It is true the allowance of amendment to conform to the proof is the rule and denial is the exception. W & W Livestock Enterprises, Inc. v. Dennler, 179 N.W.2d 484, 488 (Iowa 1970), but here we find no evidence upon which the specification could properly be submitted.

■ III. Plaintiff also requested two instructions telling the jury that the National Electrical Safety Code is an ordinance of the city and failure to comply with the code is negligence (per se). This instruction was also properly refused. Due to the manner in which the code became a part of the evidence the city ordinance adopting the code never became a part of the record. Therefore the court could not determine whether violation of the ordinance was negligence per se or merely prima facie evidence of negligence under the guidelines adopted in Montgomery v. Engel, 179 N.W.2d 478 (Iowa 1970).

The court's refusal to adopt the requested instruction was sound for another reason. This case was tried on specifications of negligence. The code consists of a typewritten book containing a very large number of standards, exceptions, alternates and recommendations. To instruct the jury in the manner requested without specifying what standards plaintiff claimed were violated would have been too broad an instruction. McKlveen v. Townley, 230 Iowa 688, 693, 299 N.W. 25 (1941).

Under the record made here, with the ordinance adopted code in evidence and no effort to show specific areas of violation, the instruction given was not vulnerable to the objections made by plaintiff. If the instruction was vulnerable to other objections, the grounds thereof were not made apparent to the trial court. In Schall

v. Lorenzen, 166 N.W.2d 795, 797 (Iowa 1969), we said:

"Rule 196, Rules of Civil Procedure, reads in pertinent part: ' * * *, all objections to giving or failing to give any instruction must be made in writing or dictated into the record, out of the jury's presence, specifying the matter objected to and on what grounds. No other grounds or objections shall be asserted thereafter, or considered on appeal. * * *.'

"In referring to the provisions of rule 196 in Wilson v. Kouri, 255 Iowa 348, 352, 353, 122 N.W.2d 300, 302, we say: 'The criterion is whether the exception taken alerted the trial court to the error which the appellant is now urging. Appellant has gone one step beyond the exception taken to the instruction prior to its submission to the jury. The important part of the contention now urged by appellant was not mentioned in the exception. The exception was of no assistance to the trial court as to the matter now argued.'"

IV. Plaintiff complains of an adverse ruling on his objection to the following question:

"Q. Have you studied the site and the installation existing on the site to form a judgment as to whether or not there were any violations of the National Electrical Safety Code?

MR. NEWPORT: Just a minute. I will object to the form of the question as invading the province of the jury.

"THE COURT: Overruled."

 In Iowa the objection "as invading the province of the jury" is generally not a valid objection. In re Estate of Ronfeldt, 261 Iowa 12, 27, 152 N.W.2d 837, 847 (1967). The same question had been asked and answered by a prior witness. The matter was then explored on cross-examination. We hold no reversible error occurred in this respect. Marean v. Petersen, 259 Iowa 557, 144 N.W.2d 906, 910 (1966).

V. Plaintiff also complains of the court's failure to submit the omitted specifications of negligence. He does not point out in argument why or how submission would have been justified. We have found no error in this regard and additionally note the assigned errors may be properly ignored under rule 344(a) (4) (Third), Rules of Civil Procedure; Meyer v. Schumacher, 160 N.W.2d 433, 438 (Iowa 1968).

Affirmed.

All Justices concur.