ARMOUR–DIAL, INC., Appellee,

v.

The LODGE & SHIPLEY COMPANY,
Appellant.

ARMOUR–DIAL, INC., Appellee,

v.

Sandra Kay COLWELL, Appellant.

No. 68051.

Supreme Court of Iowa.

May 18, 1983.

Larry L. Shepler of Betty, Neuman, McMahon, Hellstrom & Bittner, Davenport, for appellants.

Robert O. Thomas of Thomas, Saunders, Humphrey & Johnson, Fort Madison, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

We must decide whether the failure by a self-insured employer to file a timely notice of lien pursuant to Iowa Code section 85.22 causes it to forfeit its right to be reimbursed for benefits paid an employee by a third party tortfeasor. In this case, the employer sued the employee for indemnification from the settlement proceeds and sued the tortfeasor on a claim based on subrogation. We hold that the employer must comply with the statutory filing requirements in order to preserve and maintain its lien. The loss of the lien does not affect the right of indemnification from the employee, however. As the employer did not comply with the statutory requirements, we hold that it had no right of subrogation.

Sandra Colwell lost her foot on May 7, 1977, when it became caught in a machine manufactured by The Lodge & Shipley Co. (L & S). Colwell's employer, Armour-Dial, Inc., is self-insured and it paid Colwell her workers' compensation benefits. On July 10, 1978, Colwell filed a products liability suit against L & S asking damages of $95,000. Subsequently, but sometime before December 4, 1978, Colwell filed the "Notice to Employer" pursuant to section 85.22, which informed the employer of her suit against L & S. The employer filed a notice of lien indicated in section 85.22(1) on January 9, 1979, six days after the statutory thirty-day deadline.

In March 1979 the employee settled her suit against L & S for $40,000. The settlement agreement provided that the employee would drop her suit, and that L & S would indemnify the employee for any amount she might eventually have to pay to the employer as reimbursement for the workers' compensation benefits. Neither party to the settlement attempted to obtain the written consent of the employer to the settlement. *See* § 85.22(3).

The employer filed separate law suits against L & S and the employee demanding reimbursement for the workers' compensation payments, reduced by whatever amount the employer may receive from the other defendant. Both defendants appeared by the same attorney, and subsequent procedures and filings in both cases were nearly identical. The employer moved for a summary judgment on both cases and the district court sustained each motion.

Colwell and L & S both appeal from the sustension. Although these cases were not consolidated by the district court, its ruling used a consolidated caption which was filed in each case. As the parties have treated this as a consolidated appeal, we consolidate the cases for purposes of this appeal.

This case has issues that evolve from a fact sequence in which compensation benefits are paid to the injured employee, and then the employee collects damages from a third party for the same injury. All parties to the resulting dispute place reliance upon section 85.22, which in pertinent part states:

When an employee receives an injury ... for which compensation is payable under this chapter, ... and which injury ... is caused under circumstances creating a legal liability against some person, ... the employee ... may take proceedings against the employer for compensation, and the employee ... may also maintain an action against such third party for damages. When an injured employee ... brings an action against such third party, a copy of the original notice shall be served upon the employer by the plaintiff, not less than ten days before the trial of the case, but a failure to give such notice shall not prejudice the rights of the employer, and the following rights and duties shall ensue:

1. If compensation is paid the employee ... under this chapter, the employer by whom the same was paid ... shall be indemnified out of the recovery of damages to the extent of the payment so made ... to the injured employee's ... attorney, and shall have a lien on the claim for such recovery and the judgment thereon for the compensation for which he is liable. In order to continue and preserve the lien, the employer ... shall, within thirty days after receiving notice of such suit from the employee, file, in the office of the clerk of the court where the action is brought, notice of the lien.

2. In case the employee fails to bring such action within ninety days ... after written notice so to do given by the employer ... then the employer or his insurer shall be subrogated to the rights of the employee to maintain the action against such third party, and may recover damages for the injury to the same extent that the employee might....

. . . .

3. Before a settlement shall become effective between an employee ... and such third party who is liable for the injury, it must be with the written consent of the ... employer ... and such third person; and the consent of the employer ... in case the settlement is between the employee and such third party; or on refusal of consent, in either case,

then upon the written approval of the industrial commissioner.

. . . .

5. For subrogation purposes hereunder, any payment made unto an injured employee ... by or on behalf of any third party ... connected with, or involved in causing an injury to such employee shall be considered as having been so paid as damages resulting from and because said injury was caused under circumstances creating a legal liability against said third party, whether such payment be made under a covenant not to sue, compromise settlement, denial of liability or otherwise.

By the enactment of section 85.22 the legislature has provided the employer with two methods of recovering the amount of benefits he has paid on behalf of an employee: (1) indemnification out of the recovery of damages as set out in subsection 1, and (2) subrogation to the right of the employee to maintain the action against the third party. Under this section there is a distinction between indemnity and subrogation. Under subsection 1 indemnity secures to the employer who pays benefits a right of restitution out of the recovery of damages paid to an employee by a third party. Under subsection 2, on the other hand, subrogation allows such employer to recover his loss by being substituted for the employee in order to maintain an action against the third party. *American Mutual Liability Insurance Co. v. State Auto Insurance Association,* 246 Iowa 1294, 1301, 72 N.W.2d 88, 92 (1955). We shall return to these two concepts in our separate discussion concerning the separate actions against the employee and the third party.

I. *Liability of the employee.* In its action against the employee the employer demands that the employee indemnify it for the compensation benefits, plus interest from the date she received the settlement from the third party. It is undisputed that the employee received the benefits and also received the sum of $40,000 pursuant to a settlement entered into after the suit was brought against L & S. It is also undisput-

ed that the employer filed the notice of lien after the deadline, but that both the employee and L & S knew of the filing. Neither L & S nor the employee obtained the employer's consent to enter into the settlement.

The employee's resistance to the motion is centered on the contention that the failure to file a lien terminated the employer's right to indemnification under section 85.-22(1). She points out that we stated that "subject to timely filing of a proper notice of lien" an employer or its insured is entitled to indemnity from the amount recovered by an employee in an action against a third person. *Hofer v. Bituminous Casualty Corp.*, 260 Iowa 81, 85, 148 N.W.2d 485, 487 (1967).

The problem that we have with the employee's position is that she has equated the right to indemnification with the right to enforce a lien; she contends that a failure of the lien also causes the right of indemnification to fail. We cannot agree with this position.

■ In ordinary use a lien is a charge upon property for the payment of a particular obligation that is independent of the lien. *Grant v. Whitwell, Marsh & Talbot,* 9 Iowa 152, 157 (1859); 53 C.J.S. *Liens* § 1 (1948); 51 Am.Jur.2d *Liens* § 2 (1970). The obligation here is the right of indemnification, the right to recover. The lien is incident to and dependent upon the right of the employer to recover, but the right to recover provided by indemnification is not dependent upon the lien. Section 85.22(1) initially provides the employer the right to be indemnified out of the recovery and then further provides for the employer to have a lien on the recovery. The right to continue or preserve the lien is conditional, however. The conditions of timely notice are directed solely to the preservation of the lien, not to the right of indemnification. We conclude that failure of the lien does not prevent recovery on the obligation, here the right of indemnification, since it may exist without the security the lien provides. 51 Am. Jur.2d *Liens* § 41; *see also Consolidated Construction Co. v. Begunck*, 233 Iowa 463, 472, 9 N.W.2d 390, 395 (1943).

In arriving at this conclusion we are aware of the language in *Hofer* where we indicated that a condition precedent to seeking indemnity under section 85.22(1) was the "timely filing of a proper notice of lien." 260 Iowa at 85, 148 N.W.2d at 487. This comment was gratuitous to the issues in *Hofer* and is inconsistent with our conclusion in this case. We now hold that the proper filing of the lien is not a condition precedent to the right of indemnification from recovery proceeds held by the employee. Accordingly, the employer is entitled to recover from the employee an amount equal to the amount of workers' compensation payments. No issue was made concerning any exceptions or deductions from said recovery; the sole issue presented concerned the untimely notice of lien. The trial court's ruling on the motion for summary judgment against the employee should be affirmed.

■ II. *Third party's liability.* L & S claims that the employer was not entitled to seek indemnity against a third party. As we understand the trial court's ruling, it imposed liability in favor of the employer due to its right of subrogation to recover from the third party tortfeasor. In the event there is any confusion we point out that section 85.22(1) provides for indemnification "out of the recovery of damages." L & S has paid the damages. Indemnification from L & S under these facts and under section 85.22(1) would not be proper.

■ We also conclude that the late filing of the notice of the lien results in its termination. This lien is created by a statute, and the terms of the statute are controlling with respect to the duration of the lien. 51 Am.Jur.2d *Liens* § 38 (1970). Accordingly, the employer has no rights against L & S based on the statutory lien. The remaining issue is whether the employer has a statutory right of subrogation in this instance that allows it to recover against L & S. We hold that this right of subrogation did not come into being.

■ The right of subrogation in this case is a creature of statute, and thus does not rely upon the general principles of subrogation. Under Iowa workers' compensation law subrogation is created specifically in subsection 2. Before the employer becomes subrogated to the rights of the employee under this subsection, two conditions must be established: (1) a proper demand upon the employee to initiate the action, and (2) a refusal or failure to take action within ninety days. Without the employer's ninety day demand for the employee to commence suit there is no subrogation of the rights of the employee to maintain an action. *Southern Surety Co. v. Chicago, Rock Island & Pacific Railroad Co.,* 215 Iowa 525, 530, 245 N.W. 864, 867 (1932).

■ In imposing these conditions as a prerequisite to the employer's gaining subrogation, we recognize that a suit has been commenced and settled prior to this time. We also are aware that this statutory provision for subrogation was not enacted for the benefit of the third party tortfeasor. We conclude that in view of our specific statutory scheme we should not depart from our holding in *Southern Surety Co.* We do not now need to pass on the effect of a notice to sue by the employer when it is aware of a settlement. *See American Mutual Liability Insurance Co. v. State Auto Insurance Association,* 246 Iowa 1294, 1296, 72 N.W.2d 88, 89 (1955) (employer gave notice to employee to commence action after employee had settled by executing a covenant not to sue). We also do not pass on the effect of the settlement in this case due to subsection 5 nor on the effect the untimely notice of lien has on the rights of the employer against L & S. Nor do we pass on the indemnity agreement contained in the settlement between the employee and L & S, as this is not an issue in this action.

In summary we affirm the district court ruling on the motion for summary judgment against Colwell and reverse its ruling on the motion for summary judgment against L & S and remand for entry in accordance with this opinion.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.